## CHARLES I. WALKER v. MARIA S. CONANT.[1]

*Payment under mistake of fact—Recovery by payor—Burden of proof—Privity of contract.*

1. The rule is general that money paid under a mistake of *material* facts may be recovered back, although there was negligence on the part of the payor, subject to the qualification that the payment cannot be recalled when the situation of the payee has been changed in consequence of such payment, and it would be

---

[1] For final disposition of this case, see 37 N. W. Rep. 292.

inequitable to allow a recovery. The burden of proof is on the defendant to show the circumstances taking the case out of the general rule.

2. In such a case there need be no privity of contract alleged or proved other than such as arises out of the fact that the defendant has received the plaintiff's money, which in equity and good conscience he ought not to retain.

Error to Monroe. (Joslin, J.) Argued January 20, 1887. Decided February 15, 1887.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*O. A. Critchett,* for appellant.

*George M. Landon* and *I. R. Grosvenor,* for defendant.

CHAMPLIN, J. This case comes before us upon demurrer to the special count in a declaration, which reads as follows:

"For that whereas, heretofore, to wit, on the twenty-fifth day of January, A. D. 1885, the defendant held a certain false, fraudulent, and forged mortgage, purporting to have been given, executed, acknowledged, and delivered to her, before said date, by one Henry H. Van Riper and his wife, Lydia A. Van Riper, upon the south-west quarter of section thirty-two, in town one south, of range ten east, in the county of Wayne and State of Michigan, and which had then been recorded in the register's office for said county, in Liber 171 of mortgages, on page 313, and purported to have been given to secure the payment of a certain fraudulent and forged promissory note, purporting to have been made by said Henry H. Van Riper to said defendant, for the principal sum of one thousand dollars, and upon which note said defendant then claimed an accumulated interest of eighty-three dollars and twenty cents; which note and mortgage both said plaintiff and said defendant then supposed to be genuine, and also that said mortgage was then a good and valid first lien upon said described land for the amount mentioned as aforesaid in said pretended promissory note, and for said further sum claimed as aforesaid as interest thereon, whereas, in fact, said note and mortgage were both forged, and were without any validity whatever.

"And the plaintiff avers that at said date he had in the

hands of his agents, Walker & Walker, of Detroit, the sum
of three thousand dollars, and that he had authorized them
to loan said sum on mortgage security, in the name of Helen
M. Dudley, but for the use and benefit of plaintiff.

" And the plaintiff further avers that previous to said Jan-
uary 21, A. D. 1885, one Edgar J. Van Riper, claiming to
be the son of said Henry H. Van Riper, sought to borrow of
plaintiff, through his said agents, the said sum of three
thousand dollars, belonging to plaintiff as aforesaid, and said
Edgar J. Van Riper then informed the said agents of plaintiff
of the existence of said forged mortgage held as aforesaid by
defendant, but falsely claimed and pretended to plaintiff's
said agents that it was a true and genuine mortgage, and a
lien upon said described land, and that it must be paid; and
plaintiff avers that said Edgar J. Van Riper, by his false and
fraudulent representations, which were then made by him, in-
duced the plaintiff, by his said agents, to pay, and plaintiff
did pay, to defendant, on January 26, A. D. 1885, the amount
of said false, fraudulent, and forged note and mortgage, held
by her as aforesaid, to wit, the sum of ten hundred and
eighty-three dollars and twenty cents; and the plaintiff, on
the same day, received, through his said agents, from said
Edgar J. Van Riper, a bond purporting to be executed by
said Henry H. Van Riper, conditioned to pay to Helen M.
Dudley the sum of three thousand dollars, and a mortgage
in form upon said described lands, purporting to be executed
and acknowledged by said Henry H. Van Riper and Lydia
Van Riper, his wife, and running to said Helen M. Dudley,
which said bond and mortgage were for the use and benefit
of plaintiff, and were on the same day assigned by said Helen
M. Dudley to the plaintiff.

"And plaintiff avers that said bond and mortgage, so as last
aforesaid, purporting to be executed by said Henry H. Van
Riper and his said wife, were never executed by them, nor by
either of them, and that both said bond and mortgage are
false, fraudulent, and void, and the signatures thereto of
Henry H. Van Riper and Lydia A. Van Riper are forged,
and without validity; and plaintiff avers that said sum of ten
hundred and eighty-three dollars and twenty cents, which
was paid as aforesaid to said defendant by said plaintiff, was
paid by him without any consideration whatever, and under
a mistake of facts, as above narrated; and said plaintiff avers
that he has demanded from said defendant a return of said
sum to himself.

"By reason whereof the said defendant became liable to pay

to said plaintiff said sum of money; and, being so liable, the said defendant afterwards, in consideration thereof, undertook and promised to pay the said sum on request; yet the said defendant, though often requested to so do, has disregarded her said promise, and has not paid said sum of money, or any part thereof (to the plaintiff's damage of two thousand dollars; and therefore he brings suit)."

The causes of demurrer alleged are the following:

"1. For that there is no privity of contract between the plaintiff and the defendant.

"2. That the plaintiff was the agent of Edgar J. Van Riper.

"3. That the money was paid by Edgar J. Van Riper, and received by defendant, as due her from said Edgar J. Van Riper.

"4. That Edgar J. Van Riper caused this money to be paid to the defendant, to whom it was due from him.

"5. That the plaintiff has voluntarily paid a debt due from a third person, at his request, and it was not paid by plaintiff at defendant's request, nor by her procurement.

"6. That the plaintiff, by paying a debt due from Edgar J. Van Riper to the defendant, precludes the defendant from any remedy against the said Edgar J. Van Riper, or the person owing her the debt, for she cannot say she has not received her debt.

"7. And also for that the said declaration is in other respects uncertain, informal, and insufficient in law for this defendant to answer unto."

This demurrer is what is known in law as a "speaking demurrer." Many of the causes alleged do not appear upon the face of the declaration, and can only be brought to the attention of the court by plea and notice. The declaration, although special, is in effect nothing more than the common count for money had and received. It undertakes to state the circumstances under which the money was paid to defendant, and why it is against conscience for her to keep it. It is evident that there are many facts not stated which may have an important bearing upon the plaintiff's right to recover, but enough is stated to permit a recovery if no defense were made.

The rule is general that money paid under a mistake of

material facts may be recovered back, although there was negligence on the part of the person making the payment ; but this rule is subject to the qualification that the payment cannot be recalled when the situation of the party receiving the money has been changed in consequence of the payment, and it would be inequitable to allow a recovery.   The person making the payment must in that case bear the loss occasioned by his own negligence.   If circumstances exist which take the case out of the general rule, the burden of proving them is upon the defendant.   *Mayer v. Mayor, etc.,* 63 N. Y. 457.

It has been held that money paid by mistake of facts cannot be reclaimed when the defendant received it in good faith, in satisfaction of an equitable claim, nor when it was due in honor and conscience.   *Moore v. Eddowes,* 2 Adol. & E. 133; *Farmer v. Arundel,* 2 Wm. Bl. 824.   Said Williams, J., in *Chambers v. Miller,* 13 C. B. (N. S.) 125, 32 Law J. C. P. 30:

"You cannot recover back money because you have paid it in ignorance of some fact which, had you known it, would have influenced you not to pay it, that fact being one with which the payee has nothing to do."

There need be no privity of contract alleged or proved other than such as arises out of the fact that the defendant has received the plaintiff's money, and which in equity and good conscience she ought not to retain.   *Bank of Metropolis v. First Nat. Bank,* 19 Fed. Rep. 301; *Brand v. Williams,* 29 Minn. 238 (13 N. W. Rep. 42); *Knapp v. Hobbs,* 50 N. H. 476; *Mason v. Waite,* 17 Mass. 563; *Hall v. Marston,* Id. 579; *Hathaway v. Town, etc.,* 62 N. Y. 434; *Eagle Bank v. Smith,* 5 Conn. 75.

The judgment of the court below will be reversed, the demurrer overruled, and the defendant given leave to plead in 20 days after notice that a *remittitur* has been filed in the

court below. The plaintiff will recover costs of this Court; those of the court below to abide the event of suit.

The other Justices concurred.