STATE SAVINGS BANK OF ANN ARBOR *v.* BUHL.

CONTRACTS — SETTLEMENT — MUTUAL MISTAKE OF FACT — LOST ARTICLES.

> Where a seal-skin sack was delivered to defendants for storage, they agreeing to return the same, or, in case of its destruction, to pay the fixed value thereof, and, when demanded, it could not be found, and defendants, believing it to have been stolen, gave a check in payment for the sack, and it was found by them the day after the check was given, *held*, that the settlement was made under a mutual mistake of fact, justifying defendants in stopping payment of the check, though they may have been negligent.

Error to Wayne; Carpenter, J.   Submitted November 14, 1901.   Decided December 30, 1901.

*Assumpsit* by the State Savings Bank of Ann Arbor against Walter Buhl and Andrew J. Agnew, copartners as Walter Buhl & Company, to recover the amount of a check.   From a judgment for defendants on verdict directed by the court, plaintiff brings error.   Affirmed.

*Arthur Brown*, for appellant.

*Graves & Hatch*, for appellees.

MOORE, J.   The plaintiff brings this case here by writ of error.   After the testimony was closed, it was agreed by court and counsel that there was no question of fact in the case for the jury, and that a verdict should be directed either for the plaintiff or the defendants.   There is no claim the bank was a *bona fide* holder of the check. Mrs. Wilson left with defendants a seal-skin cloak, and took from them a receipt, the material part of which reads as follows:

"The owner, Mrs. M. E. Wilson, 712 E. Washington, Ann Arbor, M., of the following named goods, agrees to

pay 3 per cent., $——, on the values affixed, as agreed upon by the owner and Walter Buhl & Co., in consideration of which said Walter Buhl & Co. agree to return said goods in as good order as received, or, if the goods are destroyed, to pay the value, as herein fixed."

The other facts in the case sufficiently appear in what the trial judge said to the jury in directing a verdict, which was as follows:

"This is a case which turns entirely upon a proposition of law. Plaintiff takes the position that it is entitled to a direction, and the defendants likewise take that position; so that, in no view of the case, is there any question to be submitted to you. There is no such dispute in facts as raises such an issue. The facts are these: In the month of May, 1900, Mrs. Wilson, of Ann Arbor, deposited for safe-keeping in defendants' store a seal-skin sack. She took from the defendants a receipt, according to which the defendants promised any time within six months, as I construe the receipt, to return this, and, if it was destroyed, to pay her $300. About the 1st of October, as I recall the date, Mrs. Wilson informed the defendants that she wanted the sack. She received a letter shortly after, saying they could not find the sack. Other correspondence took place between them, the defendants saying in this correspondence that they thought the sack had been delivered to somebody else. The defendants said that they would pay her the money that was agreed to be paid. A certain conversation occurred between them, and in that conversation the defendants expressed the thought that this sack had been stolen. Matters ran along until shortly before the 22d of October, when the defendants notified Mrs. Wilson that, if she would produce her receipt, they would pay her the money, less the charges. Accordingly, she came to Detroit on the 22d of October, and delivered the receipt, and received a check for the amount of $300, less the charges; the exact amount, I think, being $291.25. She returned to Ann Arbor with this check, and deposited it in the plaintiff's bank, the proceeds being placed to her credit, not being withdrawn from the bank. On the following day, that check, having reached the bank in Detroit, was protested for nonpayment, the defendants having in the meantime found the sack, and stopped payment on the check. This sack was found by the defendants stored away in their store, and they sent their agent very shortly

afterwards, with the sack, to Ann Arbor, for the purpose of returning it to Mrs. Wilson, and receiving the check. He had full authority to make this arrangement with Mrs. Wilson, to pay her whatever expenses she had been put to, and to take back or to take from her a much cheaper sack that she had bought to replace this one. There is some dispute between this agent and Mrs. Wilson as to exactly what took place. He testifies that he told her exactly what he had been told to say. She testifies, on the other hand, that he said to her that he would do what was right.

"Now, the question under these facts (I think I have stated the facts in sufficient detail) is whether the plaintiff or defendants are entitled to recover. It is insisted by the defendants that there was such a mistake of facts at the time the settlement was made as to invalidate that settlement. This question was argued quite fully yesterday before me, and at that time I did not agree with the defendants' counsel upon that question. I thought there was not such a mistake of facts as would warrant the court in saying that settlement was invalidated. Subsequent reflection, however, has changed my mind on that question. I do think now that there was such a mistake of facts as to invalidate that settlement. At the time this settlement was made, it is very obvious that the defendants thought either that this sack had been taken out of the store by some one by mistake, or that it had been stolen. That is what they stated to the plaintiff, and the plaintiff knew nothing about it except what they told her. She supposed, in other words, the fact to be that this sack was either taken from the store or stolen. Now, the fact is that the sack was there in the store, being properly cared for. In other words, the only thing that prevented the sack being produced was the want of a vigilant search for it. It seems to me, on reflection, that there was very clearly a mutual mistake of fact. The settlement was made upon the assumption that the sack was not in the store, where a vigilant search would find it, but that it was gone.

"Yesterday, when this question was discussed before me, it seemed to me that all we could say was that the assumption was that the sack was lost, and that in fact it was lost when it could not be found. That is true in one sense. In one sense, whatever you cannot find is lost. When your spectacles are on top of your head, and you don't know where they are, in a sense they are lost. In another

sense they are not lost. That is to say, there is a very great difference between a thing being mislaid, which a vigilant search will discover, and a thing being gone where ordinary vigilance will not regain it. This view of the question has occurred to me: The effect of a valid settlement between these parties was to pass the title of this property; that is, when this money was paid to Mrs. Wilson, the effect of that settlement, if valid, was to pass the property of the sack from her to the defendants. Her title ended and their title was acquired by this settlement. I think we gain considerable light by looking at it from this standpoint. Suppose that this sack had been worth more than $300, the effect of a valid settlement would have been to pass the title. Yet, supposing it had been worth that much,—that is, worth more than $300,—and it had been discovered the day after the check was given to be right there in the store, where a vigilant search would find it, the question is whether Mrs. Wilson could not have said, 'Gentlemen, I made this settlement under a misapprehension, and am I bound to let you keep this property, which is worth more than $300?' Most obviously she could have said that, and very clearly the title would not have passed, because there was a mutual mistake of fact. It might be said, in answer to that, that, while she might avoid it, it would not be true that they could. Undoubtedly, if they had been guilty of fraud, their rights would not have been the same as hers; but, of course, there is no question about that in this case. That is not claimed. It could not be claimed under the evidence. The most that can be claimed is that the defendants were negligent in not having made this vigilant search, or in having been too careful, as their counsel claim, in putting this property where they did. As I understand it, a mistake of fact, even resulting from negligence of a party, does not prevent his avoiding a contract made in reliance upon it, where both parties have made the same mistake, even though the mistake is due to the negligence of one."

It is insisted by plaintiff that defendants agreed to return the cape to Mrs. Wilson when called for, or to pay its value; and counsel says:

"Now, upon these admitted facts, upon what principle of law can this 'settlement,' made in plain pursuance of an express contractual liability, be set aside in an action at law, against one who has been guilty of no negligence,

who has acted in the utmost good faith, and free from any fault whatever, in favor of those who, after investigation, with ample opportunity, announce their entire willingness to perform their contract, and who, in point of fact, have done nothing more than that, and when any hardship that may result therefrom is traceable to their own negligence? If, under these facts, the settlement made is not to be treated as a final settlement, when are parties to understand that their business transactions are closed? How long was Mrs. Wilson to wait before she could dismiss the matter from her mind, and consider the transaction at an end? We submit that under these facts, when the defendants had made an investigation, and thereafter notified Mrs. Wilson of their willingness to pay, and pursuant thereto gave her their check in 'full settlement,' that was an end of the matter, and that no case can be found in the books where, under similar circumstances, such a settlement has been held invalid and set aside in an action at law,"—citing *McArthur* v. *Luce*, 43 Mich. 435 (5 N. W. 451, 38 Am. Rep. 204); *Walker* v. *Conant*, 65 Mich. 197 (31 N. W. 786); *Id.*, 69 Mich. 321 (37 N. W. 292, 13 Am. St. Rep. 391); *Wheeler* v. *Hatheway*, 58 Mich. 77 (24 N. W. 780); and *Boyce* v. *Wilson*, 32 Md. 122.

It will be observed, by referring to the receipt, that the defendants are required "to return said goods in as good order as received, or, if the goods are destroyed, to pay the value, as herein fixed." The proofs show that the defendants thought the cape was stolen, which, so far as their being able to restore it to Mrs. Wilson, was equivalent to its destruction. This belief of the defendants was communicated to Mrs. Wilson. Neither she nor the defendants supposed the garment was in the possession of the defendants and had simply been misplaced. It was in view of this mistaken belief of the situation that the check was delivered to Mrs. Wilson. While it may be difficult to find a case on all fours with this, it may be said the courts almost unanimously now hold that, although the mistake of facts is caused by the negligence of one party, that party is not precluded thereby from availing himself of the mistake if the other party can be relieved of any prejudice caused thereby. *Walker* v. *Conant*, 65 Mich.

194 (31 N. W. 786); *Id.*, 69 Mich. 321, 328 (37 N. W. 292, 13 Am. St. Rep. 391); *Pingree* v. *Gas Co.*, 107 Mich. 156, 160 (65 N. W. 6); *Eberle* v. *Heaton*, 124 Mich. 205, 209 (82 N. W. 820).

There is another view which may be taken of this case. In the cases cited on behalf of the plaintiff the money actually had been paid. In this case, while the parties, under a misapprehension of the facts, had agreed upon a settlement, before the agreement was carried out they both learned what the true situation was, and the defendants stopped payment of the check. See 1 Am. & Eng. Enc. Law (2d Ed.), 428; *Hawley* v. *Foote*, 19 Wend. 516; 18 Am. & Eng. Enc. Law (1st Ed.), 167, 168, and cases cited.

We think the trial court made a proper disposition of the case.

Judgment is affirmed.

The other Justices concurred.