Argued at Pendleton May 3, affirmed July 6, rehearing denied August 30, 1927.

## STATE *v.* RUSSELL YOUNG.

(257 Pac. 806.)

**Indictment and Information—Demurrer, Setting Up New Matter not Appearing in Pleading Attacked, is Speaking Demurrer.**

1. Demurrer, which avers, as ground for attack, some new matter not appearing in pleading attacked, is speaking demurrer.

**Indictment and Information—Extraneous Facts Alleged in Speaking Demurrer cannot be Considered.**

2. Where demurrer interposed constitutes "speaking demurrer," new facts alleged therein, which do not appear in pleading attacked, cannot be considered.

**Indictment and Information—Indictment must Stand or Fall on Demurrer by Its Own Allegations.**

3. As against demurrer, indictment must stand or fall by its own allegations, and new facts alleged in demurrer cannot be considered.

**Indictment and Information—Want of Jurisdiction Alleged on Demurrer to Indictment Could not be Considered, Where Facts Alleged Did not Appear in Indictment (Or. L., § 1491).**

4. Alleged want of jurisdiction of court could not be considered, on demurrer to indictment charging unlawful possession of intoxicating liquor, where facts involving jurisdictional question did not

---

3. See 14 R. C. L. 201.
   122 Or.—17

appear in indictment but were raised by instrument interposed as demurrer under Section 1491, Or. L.

**Intoxicating Liquors—Indictment Charging That Defendant, on Day Specified, had in His Possession Intoxicating Liquor, Held Sufficient as Against Demurrer (Or. L., §§ 1491, 2224—4).**

5. Indictment charging that defendant, on specified day, wilfully and unlawfully had in his possession quantity of intoxicating liquor, *held* to state crime upon face thereof within purview of Section 2224—4, Or. L., as against demurrer under Section 1491.

**Criminal Law—Justice may Act as Committing Magistrate, With Power to Hold Defendant to Answer Before Circuit Court (Or. L., § 2507).**

6. Justice of peace, having jurisdiction of subject matter and defendant's person, has jurisdiction to act as committing magistrate, with power to hold defendant to answer before Circuit Court under Section 2507, Or. L., if it appears during trial that crime is not within his jurisdiction.

**Judgment—Determination of Court Having Jurisdiction is Final as Against Collateral Attack.**

7. Where court has jurisdiction to decide case, its decision, whether right of wrong, remains as determination of controversy as against collateral attack.

**Criminal Law—Jurisdiction Acquired by One Court cannot, During Pendency of Litigation or After Judgment, be Encroached upon by Another Court Having Concurrent Original Jurisdiction.**

8. Where jurisdiction has been acquired in pending proceeding by one court, it cannot, while litigation is pending, or after final judgment, be invaded by another court having concurrent original jurisdiction.

**Criminal Law—Defendant, Who Failed to Introduce Evidence of Proceedings Before Justice Having Concurrent Jurisdiction, Held not Entitled to Discharge After Verdict on Ground of Court's Want of Jurisdiction (Bill of Rights, § 12; Or. L., §§ 1500, 1504–1507, 1626).**

9. In prosecution for unlawfully possessing intoxicating liquor under Section 2224—4, Or. L., defendant, who failed to introduce, under general denial, evidence of proceedings on same charge in justice court, under which defendant was bound over, under Sections 1504, 1505, Or. L., *held* not entitled to discharge after verdict and before passing sentence, where justice court proceedings did not constitute former acquittal or conviction under Section 12, Constitution, Bill of Rights, and Section 1500, Or. L., in view of Sections 1506, 1507, 1626.

Criminal Law, 16 **C. J.**, p. 245, n. 32, 37, p. 246, n. 39; 17 **C. J.**, p. 368, n. 5.

Indictments and Informations, 31 **C. J.**, p. 818, n. 95 New, 96.

7.  See 15 **R. C. L.** 862.
8.  See 7 **R. C. L.** 1067.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Daniel Boyd.*

For respondent there was a brief and oral argument by *Mr. Sylvester H. Burleigh,* District Attorney.

BURNETT, C. J.—1-4.　On November 6, 1926, the grand jury of Wallowa County returned an indictment into the Circuit Court against the defendant, the charging part of which reads thus:

"The said Russell Young on the 1st day of October, 1926, in the county of Wallowa and State of Oregon then and there being, did then and there wilfully and unlawfully have in his possession a quantity of intoxicating liquor contrary to the statutes in such cases * * ."

It was signed by the district attorney and indorsed "A true bill" by the foreman of the grand jury. After arraignment, the defendant by his counsel filed what he styled a demurrer in this language:

"Comes now the defendant above named and demurs to the indictment filed herein for the reason that this court does not have jurisdiction to try the same, the justice court for the district of Enterprise, Wallowa County, Oregon, having heretofore, and prior to the date the said indictment was filed herein, acquired jurisdiction over the above entitled cause as will more fully appear from the transcript filed with the Clerk of this court by A. B. Conaway, Justice of the Peace for said district, to which transcript specific reference is hereby made."

This is a very good illustration of a "speaking demurrer," being one that avers, as grounds therefor, some new matter not appearing in the pleading attacked: *Walker* v. *Conant,* 65 Mich. 194 (31 N. W. 786); *Davison* v. *Gregory,* 132 N. C. 389 (43 S. E. 916); *Brooks* v. *Gibbons,* 4 Paige (N. Y.), 374. The new facts alleged in such an instrument cannot be considered on demurrer: *Richardson* v. *Loree,* 94 Fed. 375; *Clarke* v. *East Atlanta Land Co.,* 113 Ga. 21 (38 S. E. 323). As against a demurrer, the indictment must stand or fall by its own allegations.

5. Speaking of a demurrer to an indictment, the Criminal Code in Section 1491, Or. L., declares that:

"The defendant may demur to the indictment when it appears upon the face thereof either,—

"1. That the grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county; * *

"4. That the facts stated do not constitute a crime;

"5. That the indictment contains any matter which, if true, would constitute a legal justification or excuse of the crime charged, or other legal bar to the action."

"Upon the face thereof," the indictment does indeed state a crime within the purview of Section 2224—4, Or. L., declaring it to be unlawful for any person to possess any intoxicating liquor within this state. The demurrer was properly overruled. The defendant thereupon plead not guilty and, upon trial, the jury returned a verdict of guilty as charged.

When the defendant was called for sentence, he interposed the following writing which is denominated a motion, reading thus:

"Comes now the defendant above named and objects to the court passing sentence upon him and objects to the judge of this court ordering judgment

to be entered upon the verdict herein for the reason that this court does not have jurisdiction to try the issues of this case or to sentence or to enter judgment upon the verdict herein for the reason that prior to the time that the grand jury returned the indictment herein that A. B. Conaway, Justice of the Peace for the Enterprise District, Wallowa County, Oregon, acquired jurisdiction for the decision and for entering of judgment of all the matters in issue alleged in the indictment, and that no appeal has been taken herein by the plaintiff or by the defendant from the justice court to this court, all of which will more fully appear from the transcript filed with the clerk of this court by A. B. Conaway, Justice of the Peace, to which specific reference is hereby made and made a part of this objection, and a copy of which is hereto attached and made a part of this objection; and the defendant moves that the indictment herein be dismissed.''

From the transcript referred to we glean that on October 2, 1926, a complaint was filed by the district attorney in the Justice's Court for the district of Enterprise in Wallowa County, charging the defendant with having a quantity of intoxicating liquor in his possession on October 1, 1926, in that county. On the same day the complaint was filed, the defendant appeared in the Justice's Court in custody of the sheriff. The complaint was read to him, his bond was fixed at $500 to await the time of trial of the action, and on October 11, 1926, thereafter, he appeared in person and by his attorney and the state by the district attorney, whereupon the defendant entered his plea of not guilty. It was recited on the docket of the justice that on motion of the district attorney ''this court will act as a committing magistrate.'' After hearing testimony on behalf of the state, the defendant waived his right to offer any testimony, whereupon the court entered an order

"that the defendant be required to give an undertaking in the sum of $500 to appear and answer said charge in whatever court the same may be prosecuted in and in default of such undertaking he shall be confined in the county jail of Wallowa County, Oregon, until legally released."

Nothing appears in the abstract before us, more than is said here, to show that the transaction described in the justice's proceedings and that alleged in the Circuit Court indictment are one and the same. Conceding, however, for the sake of the discussion that there is but one charge involved, we will proceed to consider whether the defendant's position before us is correct to the effect that the Circuit Court had no jurisdiction over him. We remember that in Section 12 of the Bill of Rights, Article I of the state Constitution, it is thus provided:

"No person shall be put in jeopardy twice for the same offense, nor be compelled in any criminal prosecution to testify against himself."

We read also in Section 1500, Or. L., that there are three kinds of pleas to an indictment, the third of which is:

"3. A former judgment of conviction or acquittal of the crime charged, which may be pleaded either with or without the plea of not guilty."

The following section declares that:

"Every plea must be oral, and must be entered in the journal of the court in substantially the following form; * *

"3. If he pleads a former conviction or acquittal: 'The defendant pleads that he has already been convicted (or acquitted, as the case may be) of the crime charged in this indictment, by the judgment of the court of —— (naming it), rendered at —— (naming the place), on the —— day of ——, 19—.' "

This is not a case of former acquittal or conviction. At best it can only be a matter of former jeopardy.

"The plea of not guilty controverts and is a denial of every material allegation in the indictment." Or. L., § 1504.

"All matters of fact tending to establish a defense to the charge in the indictment other than those specified in the third subdivision of section 1500, may be given in evidence under the plea of not guilty." Or. L., § 1505.

6. It is unquestioned that the Justice's Court and the Circuit Court have concurrent jurisdiction of the offense described in the indictment. It is likewise true that the justice of the peace has jurisdiction as a committing magistrate with power to hold defendants to answer before the Circuit Court. We read in Section 2507, Or. L., that:

"If, in the progress of the trial, it shall appear to the justice of the peace that the defendant has committed a crime not within the jurisdiction of a justice's court, such justice must dismiss the action, and state in the entry the reasons therefor, and hold the defendant upon the warrant of arrest, and proceed to examine the charge as upon an information of the commission of crime."

7. The most that can be said is that there is involved here a case where the justice had before him in the custody of the law by virtue of the arrest the party accused, namely, the defendant. That court also had jurisdiction of the subject-matter, that is to say, it had a right to hear and determine the issue involved by the complaint and the plea of not guilty. The court also had a right to act as a committing magistrate, having before it the parties and the subject-matter. It had jurisdiction to decide the case rightly or wrongly, and until the decision is directly

attacked, it remains as a determination of the controversy. If the case were before us on a direct attack by writ of review for instance, we might very rightly hold that the Justice's Court erred and exceeded its jurisdiction in the manner claimed by the defendant and direct that the case be remanded to the inferior court for further proceedings. But no such attack has been made on the ruling of that court. On the face of its judgment, it has divested itself of jurisdiction, leaving the way open for the Circuit Court to exercise its authority over the party and the subject-matter.

8, 9. True enough, the principle is that where jurisdiction has been acquired in a pending proceeding by one court, it cannot, while the litigation is thus pending, nor after final judgment, be invaded by another court having concurrent original jurisdiction. The demurrer to the indictment, as already pointed out, was properly overruled. In Section 1505, the Code prescribes the manner and mode of raising the question sought to be made by the defendant, which is to give in evidence the proceedings in the Justice's Court, but no such procedure was attempted, at least none is disclosed by the bill of exceptions, or otherwise, in the record. It is manifest that if nothing had been said about the matter, the defendant could have been properly indicted, tried, convicted and finally sentenced for the offense named in the indictment. If he would defeat this indictment he must do so in the manner provided in the Code, that is to say, he must prove by evidence his contention and that must be introduced at the trial before the jury—not before nor afterward.

A strongly persuasive analogy is drawn from Sections 1506 and 1507, Or. L., treating of the plea of former acquittal:

"If the defendant were formerly acquitted on the ground of a variance between the indictment and the proof, or the indictment were dismissed upon a demurrer to its form or substance, or discharged for want of prosecution, without a judgment of acquittal or in bar of another prosecution, it is not an acquittal of the same crime."

"When, however, the defendant was acquitted on the merits, he is deemed acquitted of the same crime, notwithstanding a defect in form or substance in the indictment on which he was acquitted."

The proceedings before the justice of the peace did not and will not affect the liberty or property of the defendant any more or differently than in any other instance where one has been held to answer before the Circuit Court. The spirit of the Code is to go to the merits of the question involved and not to decide on mere trifling technicalities. Indeed, it is said in Section 1626, Or. L., that:

"After hearing the appeal the court must give judgment, without regard to the decision of questions which were in the discretion of the court below, or to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

In the light of these principles declared by the statute, the judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

BEAN, RAND and BELT, JJ., concur in the result.