Submitted February 28, affirmed December 14, 2022, petition for review denied April 20, 2023 (371 Or 21)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EUGENIE ANN WOOD,
aka Eugenia Ann Herrin,
*Defendant-Appellant.*

Marion County Circuit Court
17CR17477; A174130

522 P3d 539

Defendant appeals from a judgment revoking probation and imposing sentence. In two assignments of error, defendant argues that the trial court erred when it entered the underlying judgment of conviction, and later when it revoked probation and entered a corresponding judgment, because the underlying conviction was based on a nonunanimous jury verdict, contrary to *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1402, 206 L Ed 2d 583 (2020). *Held*: ORS 138.105(1) precludes appellate review of defendant's challenge to the underlying judgment of conviction. The trial court did not err in revoking probation and imposing sentence, because the underlying judgment of conviction is presumed to be valid and defendant cannot challenge the validity of her conviction in this appeal.

Affirmed.

Jodie A. Bureta, Judge pro tempore.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment revoking probation on a conviction for first-degree burglary, ORS 164.225. In two assignments of error, she argues that the trial court plainly erred when it entered the underlying judgment of conviction, and later when it revoked her probation and entered a probation-revocation judgment, because the underlying conviction was based on a nonunanimous jury verdict, contrary to *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1402, 206 L Ed 2d 583 (2020). We affirm.

The relevant facts are undisputed. In 2018, a jury returned a nonunanimous verdict finding defendant guilty of first-degree burglary. The trial court entered a judgment convicting defendant of that offense and placing her on 60 months of probation. Defendant did not appeal that judgment. In 2020, defendant admitted that she had violated the terms of her probation by failing to obey all laws. The trial court entered a judgment revoking defendant's probation and imposing a sentence of 19 months in prison and 36 months of post-prison supervision. Defendant timely appeals from the probation-revocation judgment.

In her first assignment of error, defendant argues that the trial court plainly erred under *Ramos* when it entered the judgment convicting her of first-degree burglary. We conclude that ORS 138.105(1) bars appellate review of a challenge to the underlying judgment of conviction in this case. ORS 138.105(1) provides that, "[o]n appeal by a defendant, the appellate court has authority to review the judgment or order being appealed, subject to the provisions of this section." The "judgment *** being appealed" in this case is the judgment revoking probation, not the underlying judgment of conviction. Accordingly, we lack authority in this appeal to review a challenge to the underlying judgment of conviction. *Cf. State v. Frye*, 2 Or App 192, 194, 465 P2d 736 (1970) (declining to review a challenge to the underlying judgment of conviction on appeal from a probation-revocation judgment where the defendant did not appeal the judgment of conviction within 60 days as required by statute); *City of Portland v. Olson*, 4 Or App 633, 636, 481 P2d 641 (1971) (same).

We turn to defendant's second assignment of error, in which she argues that the trial court plainly erred when it revoked probation and entered a corresponding judgment because the underlying conviction for which she was on probation was "unlawful" under *Ramos*. We reject that argument. "[O]nce final judgment in a criminal case is entered, its validity and regularity are presumed." *State v. Jacob*, 208 Or App 62, 67, 145 P3d 212 (2006); *see also State v. Young*, 122 Or 257, 263-64, 257 P 806 (1927) ("[The trial court] had jurisdiction to decide the case rightly or wrongly, and, until the decision is directly attacked, it remains as a determination of the controversy."). As noted, defendant did not appeal the underlying judgment of conviction, and she cannot challenge the validity of her conviction in this appeal. Accordingly, the trial court did not err, plainly or otherwise, in revoking probation and imposing sentence on that basis.

Affirmed.