644 July 2, 2025 No. 599

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CRESCENT LAEL MANDAVILLE,
*Defendant-Appellant.*

Lincoln County Circuit Court
19CR47763; A182618

Amanda R. Benjamin, Judge.

Submitted June 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from an order revoking their probation on a conviction for unlawful delivery of a controlled substance and imposing a 38-month prison sentence with 3 years of post-prison supervision. Defendant raises one assignment of error, arguing that the trial court's imposition of the prison sentence was unconstitutionally disproportionate because defendant's conviction was based on the now overruled "*Boyd* theory" of unlawful delivery of a controlled substance. *See State v. Boyd*, 92 Or App 51, 756 P3d 1276, *rev den*, 307 Or 77 (1988), *overruled by State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *aff'd*, 371 Or 340 (2023) (*Hubbell I*)) (holding that ORS 475.890, unlawful delivery of a controlled substance, may be proven using a constructive transfer theory). Because we find that the issue was not preserved, and that the trial court did not commit plain error in any event, we affirm.

In 2021, and before we issued *Hubbell I*, defendant was convicted of several charges, including the one at issue in this appeal: unlawful delivery of methamphetamine, pursuant to ORS 475.890. The state, in defendant's trial, proceeded on the constructive transfer theory then allowed by *Boyd*. At sentencing, the trial court found compelling circumstances to impose a dispositional downward departure of probation, with the possibility of imposing a presumptive guidelines sentence of 38 months in prison if the probation was revoked. Shortly after defendant's conviction, we issued *Hubbell I*, but defendant's appeal was dismissed in this court for lack of prosecution.

Defendant violated her probation in 2021—provoking show cause warrants by the trial court—and absconded for the following two years. In 2023, the Supreme Court issued *State v. Hubbell*, 371 Or 340, 557 P3d 503 (2023) (*Hubbell II*), affirming that the constructive transfer theory, specifically, was insufficient to satisfy ORS 475.890. Defendant appeared for a probation violation hearing shortly after *Hubbell II* was issued.

At that hearing, defendant's counsel raised *Hubbell* with the trial court, but did not make any argument about

what the consequence of *Hubbell* would be on the trial court's sentencing decision.  That is, counsel stated to the court, in a matter-of-fact manner, that defendant's conviction "would not even be a valid charge at this point." But then counsel stated: "I only bring it up just to say that that's a major change, you know, in the law in regards to what would happen to a person." Counsel then reiterated the holding of *Hubbell* and concluded: "So, I just—I bring that up to the Court." The trial court imposed on defendant a 38-month prison sentence with three years of post-prison supervision.

On appeal, defendant raises one assignment of error. Defendant argues that the trial court's imposition of a 38-month prison sentence is unconstitutional under Article 1, Section 16, of the Oregon Constitution because it is disproportional to the penalty for post-*Hubbell I* and *II* convictions for similar conduct. The state argues that defendant did not preserve the argument, that the matter is not reviewable under ORS 138.105, and that there was no error in the trial court, plain or otherwise.

We review a sentencing decision for proportionality under Article 1, Section 16, for legal error. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017).

Regarding preservation, defendant argues that when counsel raised *Hubbell* with the trial court, the trial court was apprised of the issue, but counsel simply failed to cite the source, comparing this case favorably to *State v. Weaver*, 367 Or 1, 472 P3d 717 (2020). We disagree. In *Weaver*, the defendant raised a constitutional claim but failed to cite the source: the compulsory due process clause. 367 Or at 16. However, the Oregon Supreme Court was satisfied that the defendant sufficiently alerted the court and the state to the claim because the defendant had argued that the state had suppressed exculpatory evidence by prohibiting a witness from testifying. *Id.* at 18.  Here, by contrast, defendant's counsel raised a source—*Hubbell*—but did not identify how, if at all, the court's sentence might run afoul of that ruling. Indeed, the trial court, in that circumstance, might reasonably have inferred that defendant's argument was a collateral attack on the underlying conviction.  Because counsel

did not identify any issue while raising *Hubbell*, we conclude the issue raised on appeal was not preserved.

Defendant requests, in the alternative, that we conduct a plain error review. For an error to be plain, it must be one of law, it must be obvious, and it must not be reasonably in dispute. *State v. Vanorum,* 354 Or 614, 317 P3d 889 (2013). We conclude that the trial court did not commit error, plain or otherwise, and thus discuss only the first of the three plain error factors.

First, we agree with the state that, at its heart, defendant's argument is a collateral attack on the underlying conviction. While defendant rests her argument on the proportionality of the sentence, to apply the standard of review for proportionality as defendant contends would require us to presume that defendant's conviction has been overturned and re-entered as an attempted delivery. *See State v. McCombs*, 330 Or App 545, 563-64, 544 P3d 390, *rev den*, 372 Or 718 (2024) (noting that *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) addressed proportionality challenges under Article I, section 16, using the following factors: (1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties for other, related crimes; and (3) the criminal history of the defendant). That is because defendant asks us to compare her sentence to the sentences of either those who had their convictions overturned under *Hubbell*, or those who have been convicted of attempted delivery. In either event, defendant's judgment of conviction for delivery was valid at the time of sentencing, and we cannot treat it otherwise. Therefore, sentences for *attempted* delivery convictions are not appropriate for comparison under *Rodriguez/Buck*.

That leads us to similarly conclude that the trial court did not commit error when, upon revoking defendant's probation, it sentenced defendant pursuant to the judgment.[1] Judgments of conviction are presumed valid. *State v. Jacob*, 208 Or App 62, 145 P3d 212, *aff'd*, 344 Or 181 (2006).

---

[1] As noted above, the state also argued that defendant's assignment of error is not reviewable under ORS 138.105 because it is a collateral challenge to the conviction. Because we conclude that the trial court did not commit error, we do not reach that issue.

Defendant does not argue that defendant raised an alternative sentence that legally could have been imposed with the judgment that was in existence at the time of sentencing. Instead, the crux of defendant's argument is that the court should have *sua sponte* re-assigned defendant's criminal history and based her sentence upon the presumptive guidelines for a different class of felony.  However, because the court lacked authority to do so, the trial court did not err when it sentenced defendant pursuant to the judgment. *See State v. Wood*, 323 Or App 169, 522 P3d 539 (2022) (rejecting the argument that trial court had the power to find a judgment, which was not appealed and was still valid, "unlawful" in a probation revocation proceeding).

Affirmed.