DOMINIQUE S. PAVOU, *Guardian of Anthony Flora, vs.* FRANCES VIARA FLORA.

FEBRUARY 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This case is a probate appeal to the superior court from a decree of the court of probate of the city of Providence. The appeal was taken by the appellant as guardian of the person of Anthony Flora. There being no claim filed for a trial by jury, it was heard before a justice of the superior court without a jury. On June 1, 1939, he rendered a decision for the appellee affirming the decree appealed from.

On June 6, 1939, a final decree was entered in that court denying and dismissing the appeal and affirming the probate court decree from which the appeal had been taken. This decree of the superior court also, in accordance with the probate court decree, authorized the guardian of the estate of Anthony Flora to pay out of that estate to the appellee, Frances Viara Flora, who was the wife of Anthony Flora, the sum of two hundred dollars and also to pay to her out of that estate the sum of seventeen hundred twenty dollars, representing an allowance for her support at the rate of forty dollars per month from December 1, 1935 to June 1, 1939, inclusive, and the sum of forty dollars per month on the first day of each month, beginning July 1, 1939, until further order of the court.

On June 9, 1939, the trial justice, after a hearing, made a decision in a supplemental matter, and on June 14, 1939, an order was entered in accordance with that decision. In this opinion this later decision and the order thereon will not be further dealt with, since the appellant is in no better position with regard to them than with regard to the former decision and the decree thereon.

No exception was taken by the appellant to the decision of June 1, 1939; nor did he file any notice of intention to file any bill of exceptions. On June 22, 1939, however, he filed in the office of the clerk of the superior court a document entitled "Claim and Reasons of Appeal", in which he purported to claim an appeal from this decree to this court and set forth four reasons of appeal.

The entries made on the jacket of the case in the superior court relative to the above claim of appeal are as follows: "1939 June 22 Appellant files claim of appeal & reasons thereof from 2 decrees, & has to Aug. 1, 1939 for transcript. To Sept. 18. 1939 Sept. 15 Transcript filed. 1939 Sept. 22 Transcript disallowed and cause including all papers therein certified to Supreme Court." The paper, entitled "Claim and Reasons of Appeal", is marked as allowed, over the signature of the trial justice, June 22, 1939.

After the papers in the case reached this court, the appellee in the superior court, Frances Viara Flora, and the other parties that were beneficiaries under the decree filed a motion to dismiss the appeal. For such dismissal, the ground which was urged before us, at the hearing on the motion, was that in a probate appeal, heard in the superior court before a justice sitting without a jury, a party aggrieved by the decision therein made by the trial justice and the decree entered on such decision cannot bring the case to the supreme court, for review, by filing in the superior court a claim and reasons of appeal, as if the matter were a cause in equity, and then complying with the other statutory requirements for perfecting an appeal in a cause in equity.

In support of their motion to dismiss, the moving parties contend that this case, in the matter of initiating procedure to obtain a review by this court, is governed solely by general laws 1938, chapter 542, § 1, and the later sections which prescribe the further procedure for having a case in the su-

perior court reviewed in the supreme court on a bill of exceptions. This § 1 is as follows: "The accused in a criminal proceeding, and any party to a civil action, or any person interested in a probate or other appeal, heard on its merits by the superior court without a jury, aggrieved by a ruling, decision or finding of the court upon any issue of fact or matter of law, or upon a motion for a new trial for newly discovered evidence, may except thereto."

The appellant, on the other hand, contends that this case is a "proceeding following the course of equity", within the meaning of those words in G. L. 1938, chap. 541, § 1, which provides that "Any party aggrieved by a final decree of the superior court in any cause in equity, or proceeding following the course of equity, may, within 30 days after the entry thereof . . . appeal to the supreme court." The appellant's attorney has presented to us a very ingenious argument to support this contention, but after consideration we do not find it convincing, especially in view of the long-established practice to the contrary.

In the first place it is clear to us that the section first-above cited from the statutes applies to this case and that the appellant could have proceeded in accordance with that section, by taking an exception to the decision, which was final in its nature, and then following the rest of the procedure prescribed by statute for obtaining a review, upon a bill of exceptions, of a decision in a case heard on its merits by the superior court without a jury. Indeed the appellant's attorney admits in his brief that "it is possibly true" that procedure by bill of exceptions is proper in a probate appeal under certain conditions. But he contends that he can accomplish the same result in the instant case by taking and perfecting an *appeal* from the *decree* which was entered upon the decision in question.

But the decree simply put into a little different form just what was in the decision; and in that situation we are of

the opinion that the statute providing for appeals from decrees of the superior court to this court should not, unnecessarily, be so construed as to authorize two different methods, of procedure for review, for accomplishing the same purpose. This is one very good reason for not holding that a probate appeal in the superior court is, as contended by the appellant's attorney, a "proceeding following the course of equity", within the meaning of the language above quoted from G. L. 1938, chap. 541, § 1.

It seems to us that the most plausible argument made by him in support of that contention is, in substance, that there is, and has been for a great many years, a statute which gives either party in a probate appeal case the right to have a trial by jury by claiming it, and that there would be no reason for enacting such a statute, if such a case—being obviously not a cause in equity—were not a "proceeding following the course of equity." The first link in this chain of reasoning seems to be that if a probate appeal were of the nature of an action at law, either party would have a constitutional right to a trial by jury.

· The flaw in this reasoning is that a probate appeal is neither of the nature of an action at law nor of the nature of a cause in equity. It is purely a *statutory* creation, like all probate proceedings in this state. Therefore, in order that any statute providing for a method of taking a case from the superior court to the supreme court for review shall be applicable to a probate appeal, such statute must, by its express language or by necessary implication therefrom, apply to a probate appeal.

The statutory provisions as to procedure by *exceptions* and bills of exceptions do expressly include probate appeals. Those as to *appeals* from the superior court to the supreme court do not, expressly or by necessary implication from their language, include probate appeals.

From this we come to the conclusion that the statutory procedure for claiming and prosecuting an appeal from the superior court to this court has no application to such a decree as the one with which we are now concerned; and we find no contentions or arguments by the attorney for the appellant in the instant case which make us hesitate in coming to that conclusion.

He argues that the statutory provision for obtaining a review by a bill of exceptions of a final decision in a probate appeal, heard on its merits by the superior court without a jury, requires that a notice of intention to prosecute a bill of exceptions be filed within the period of seven days after notice of such decision; that in the instant case the decree was entered before the expiration of that period; that no notice of intention to file a bill of exceptions could properly be filed after such decree had been entered; and that therefore the aggrieved party should have the right to take an *appeal* from such decree.

But a decree in a probate appeal case seems to be required only in order that it may be transmitted to the probate court from which the appeal has been taken and which by statute incorporates its decisions in decrees. We see no good reason why the entry of a decree, following a final decision in a probate appeal case in the superior court, should prevent a notice of intention to file a bill of exceptions from being filed thereafter but within the required seven days after notice of the decision. While the pertinent statutes have been in the same or substantially the same form as at present, a great many probate appeal cases have been brought from the superior court to this court for review, and have been reviewed, on bills of exceptions. No instance in which a probate appeal case has been reviewed by this court on an appeal from the superior court has been called to our attention and we have found none.

We are of the opinion that the motion to dismiss the appellant's appeal must be granted.

The motion to dismiss the appellant's appeal is granted, said appeal is dismissed, and the case is remitted to the superior court for further proceedings.

*Edward M. Sullivan,* for appellant.

*Greenough, Lyman & Cross,* for guardian.

*Raoul Archambault,* for appellee.