BERTHA E. STREETER *vs.* MYER MILLMAN, *Admr.*

DECEMBER 3, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This proceeding is before us on the exception of Bertha E. Streeter to a decision of the superior court granting the appellee's motion to vacate a decision and decree previously entered by that court after a hearing on the merits of her probate appeal.

It appears that the appellant filed in the probate court of the town of North Providence a petition to file a claim out of time against the estate of Sheffield Smith. This petition read: "Respectfully Represents Bertha E. Streeter, of the City of Cranston in the County of Providence and State of Rhode Island, and petitions this Honorable Court under and by virtue of Section 3 of Chapter 578 of. the General Laws of Rhode Island 1938 and says that because of accident, mistake or unforeseen cause and because of any other cause she has failed to file her claim against the above entitled estate and now petitions this Honorable Court for leave to file her claim against estate . . . ."

After a hearing the probate court entered its decree on August 11, 1941 denying and dismissing this petition. The appellant duly claimed an appeal therefrom to the superior

court where, after a hearing *de novo* on the merits, a justice thereof rendered decision reversing the decree that had been entered in the probate court and ordering the entry of a new decree, permitting the appellant to file her claim out of time and within twenty days thereafter. A decree incorporating this decision was entered in the superior court on December 6, 1941. No exception to this decision and decree was taken and no review thereof was sought by the appellee. Within the time allowed by such decree, the appellant filed her claim in the probate court. It was disallowed by the respondent administrator, who is the appellee here, and suit to recover on such claim was duly commenced by the appellant in the superior court, where it is now pending.

On March 2, 1942, several months after the determination of the original probate appeal on its merits, the appellee filed in that case in the superior court a motion praying that "an order may be entered setting aside and vacating the said decree of December 6, 1941." This motion alleged, in substance, that Bertha E. Streeter's original petition to the probate court to file her claim out of time against the estate of Sheffield Smith was based upon the second proviso of G. L. 1938, chap. 578, § 3; that by virtue of a rule of practice of the supreme court promulgated February 19, 1934, the superior court had no jurisdiction to entertain a probate appeal under that second proviso; and that the decree entered by that court on December 6, 1941, reversing the original decree of the probate court, was a decree which, by virtue of G. L. 1938, chap. 535, § 2, was within the control of the superior court for the period of six months after the entry thereof, and should be set aside.

The trial justice, after hearing arguments, but without testimony, expressly found that the decree of December 6, 1941 was entered by the superior court in a cause following the course of equity and therefore was under its control by virtue of § 2 of chap. 535. He then granted the motion on the ground that such decree was beyond that court's jurisdiction and was a nullity, because it was entered upon an

appeal from a probate court's denial of appellant's petition to file a claim solely under the second proviso of § 3 of chap. 578, and such appeal, by virtue of the above-mentioned rule of practice of the supreme court, should have been taken directly to such court. The appellant's exception to this decision is now before us.

The first issue presented thereby is whether the superior court had authority to entertain and act upon the appellee's motion to vacate a decision and decree previously entered by it after a hearing on the merits of the original probate appeal. Unless we agree that the proceeding then before the superior court was a cause in equity or one following the course of equity, it is difficult to see how that court could properly entertain the appellee's motion under the provisions of § 2 of chap. 535. The appellee based that motion upon the express allegation that the decree of the superior court, dated December 6, 1941, was a decree that remained in the control of that court for six months by virtue of § 2 of chap. 535. The trial justice evidently appreciated the necessity of making such a finding before he could properly proceed to determine the merits of the motion, because he first found expressly that the decree of December 6, 1941 had been entered in a cause following the course of equity and that it therefore was wholly within the control of the court for six months thereafter.

The appellee, however, now concedes in his brief "that a probate appeal does not follow the course of equity, and that if a decision were rightly rendered by the Superior Court, having jurisdiction, he could not vacate that decision on March 16, 1942."

We are of the opinion that the decree in question was not within the control of the trial justice by virtue of § 2, chap. 535. We have held that a probate appeal, heard on its merits by a justice of the superior court sitting without a jury, is not a proceeding following the course of equity within the meaning of another relevant statute; and that a decision duly made and entered after such hearing is reviewable by

exceptions and not by appeal. *Pavou* v. *Flora*, 64 R. I. 162. It has also been held by this court that such a decision in a probate appeal was not within the control of the trial justice to reopen, review, or redecide, excepting possibly to amend the record to make it conform to the truth. *Ashaway National Bank* v. *Superior Court*, 28 R. I. 355. See also *Horton* v. *Grinnell*, 60 R. I. 457; *State* v. *Lubosky*, 59 R. I. 493. Applying these established principles of law to the instant case, when the decision on the merits of the probate appeal was duly made and entered in the superior court by a justice sitting without a jury, that decision was no longer in the control of the trial justice to review or to decide differently. It was reviewable by exceptions under the statute. Under the circumstances, the trial justice erred in entertaining this motion.

But the appellee contends, nevertheless, that a motion to dismiss a cause for want of jurisdiction is always appropriate because, under *David* v. *David*, 47 R. I. 304, the question of jurisdiction is always open. Conceding that the question of jurisdiction generally may be raised in a proper proceeding at any time before judgment, the sufficient answer to this contention is that we cannot say, from the record before us, that the superior court was *entirely* without jurisdiction of the subject matter and the parties. On the contrary, the claim as filed expressly recites the grounds "of accident, mistake or unforeseen cause", which appear only in the first proviso of § 3, chap. 578, as well as that "of any other cause", which appears only in the second proviso thereof. No attempt was made to compel the claimant to separate the claim and no separation was ordered by the court. Nothing in the claim as filed, or in the decision of the probate court denying the petition, or in the reasons of appeal therefrom to the superior court, or in the original decision and decree of the superior court on December 6, 1941, shows that the claim was filed solely under the second proviso, as the appellee contended.

For all that appears, her claim may well have been filed

and prosecuted under the first proviso alone and the superior court unquestionably had jurisdiction of any claim so filed. See *MacKenzie & Shea* v. *Rhode Island Hospital Trust Co.,* 45 R. I. 407, at 410. Therefore, even if we assume that the question of jurisdiction was properly before the superior court upon this motion, there is nothing in the record before us which requires the conclusion that the superior court was entirely without jurisdiction of the subject matter and parties at the time it determined the original probate appeal.

The appellant's exception is sustained, the decision of the superior court of March 16, 1942 is reversed, and the case is remitted to the superior court.

*Voigt, Wright & Clason, Nathan M. Wright, Jr., Ernst T. Voigt,* for appellant.

*Francis J. O'Brien,* for appellee.