WILFRED G. S. GRAND D'HAUTEVILLE *vs.* J. SEYMOUR MONTGOMERY *et al., Ex'rs.*

APRIL 21, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a probate appeal. The case is before us on bills of exceptions filed by both the appellant and the appellees to a decision of the superior court granting, before trial on the merits, a motion of the appellees to dismiss the appellant's appeal from two decrees of the probate court of the city of Newport. The appellees are executors under the will of Edith Remsen Kane Grand d'Hauteville, deceased. The appellant is the son of the decedent.

The following pertinent facts appear from the record. On September 22, 1955 the decedent executed a will in Geneva, Switzerland, in which she declared that she was domiciled in the city of Newport in the state of Rhode Island and that she was a citizen of the United States. By this will, which is sometimes referred to in the instant proceedings as the "American Instrument," she sought to dispose of all of her property except real and tangible personal property located in Switzerland which she was disposing of by separate instruments. After making bequests of specified amounts to certain friends, including a bequest of $20,000 to J. Seymour Montgomery, one of the executors, whom she referred to therein as her friend and attorney, she left her residuary estate to the lawful issue of her son in equal shares per stirpes. She made no provision for her son, stating that he had no need of any part of her estate and that there would be a substantial saving in estate and inheritance taxes by reason of her bequest to his issue rather than to him.

On March 7, 1957 the decedent died in Switzerland. At the time of her death she was not seized of any real property in the United States, but she did leave personal property situated in the state of New York. The appellant, who is of full age and a national of Switzerland, is her only child. On March 21, 1957 the son, under Swiss law, filed in Switzerland a formal notice objecting to the delivery of any bequests in favor of third parties from her estate. On March 29, 1957 the son, by his Swiss attorney, forwarded to the appellee J. Seymour Montgomery a copy of the notice with a request to record it formally.

On April 3, 1957, the Guaranty Trust Company of New York (now known as Morgan Guaranty Trust Company of New York), a co-executor and one of the appellees, filed a petition in the probate court of Newport for the probate of the American Instrument. In the petition it declared under oath that the decedent died testate "domiciled in Newport, Rhode Island" and that had she died intestate

her only heir would have been her son. The executors by letter dated April 8, 1957 notified the son of the pendency of the petition and enclosed a copy of the will. The son acknowledged receipt of the notice and on April 15, 1957 his Swiss attorney wrote to the attorneys for the executors advising them that the son objected to the American Instrument. On May 23, 1957, the probate court of the city of Newport entered a decree admitting the American Instrument to probate as the last will and testament of decedent, "late of said Newport, deceased."

Thereafter, on April 17, 1959 the appellees, as executors, filed a petition in the probate court for determination as to payment of legacies under the provisions of G. L. 1956, §33-13-8. In their petition they stated that the son had claimed all or a portion of the decedent's property on the ground that at the time of her death she was domiciled in Switzerland and was limited by Swiss law in her right to dispose of such property. They expressed their opinion that the son's claim was without merit but in the circumstances sought the full protection of a decree of the probate court and prayed that they be authorized to pay all or part of the legacies at such time and in such amounts as they in their discretion should deem proper.

The son was served with notice of the petition. Thereafter, on May 28, 1959, he filed a counter petition alleging that at the time of her death the decedent was domiciled in Switzerland; that if she died intestate, he was her only heir both by Rhode Island and Swiss law; that even if she had died testate, pursuant to the law of Switzerland, which he claimed was her domicile, he was entitled to three fourths of his mother's personal property wherever situated irrespective of the terms or manner of execution of her will; and that the will admitted to probate was executed in Switzerland but not in accordance with Swiss law and was therefore invalid under Swiss law as well as Rhode Island law.

The son also alleged in his petition that the failure of the executors "to disclose the pertinent facts concerning the domicile of the Decedent, facts which they knew or should have known" and to inform the probate court of his objections to the will constituted a fraud upon the court. He requested the probate court to deny the petition of the executors for determination as to payment of legacies and to vacate, on the grounds of fraud, its decree of May 23, 1957 admitting the will in question to probate, or in the alternative to order that the assets in the hands of the executors "be distributed in accordance with Swiss law as a matter of comity between nations and according to the principles of conflicts of law."

On October 29, 1959 the probate court entered a decree granting the executors' petition for determination as to payment of legacies. On the same day it also entered an order and decree granting their motion to dismiss the son's counter petition. From such decrees the son filed an appeal to the superior court. He based such appeal principally upon the ground that the allegation by the executors that the decedent died domiciled in Newport was a fraudulent representation of facts which the executors knew or should have known and constituted a fraud upon the probate court.

The executors filed a motion to dismiss the son's appeal. They based their motion in substance on the grounds that the court had no jurisdiction to grant the petition to revoke or vacate the decree of May 23, 1957 admitting the will to probate; that the allegations contained in the reasons of appeal did not make out a case of fraud as a matter of law; that Swiss law of forced heirship was not applicable inasmuch as the domicile of the mother had been irrevocably determined by the probate court by the decree dated May 23, 1957 admitting her will to probate; that the son was not a party aggrieved; and finally that he was barred by laches from the relief he sought in his petition.

After a hearing but without taking any testimony, the superior court granted the executors' motion to dismiss the son's appeal. It based its decision solely on the ground that he had been guilty of laches. To such decision the son has filed the instant bill of exceptions under which he contends that the superior court erred in granting the motion. The executors have also filed a bill of exceptions to such decision. They contend that the superior court, in granting their motion to dismiss on the ground on which it based its decision, erred in failing to include therein the other reasons set forth in the motion. However the executors state in their brief that they will rely on their bill of exceptions only in the event that the son's exception is sustained by this court.

In the posture in which the instant action has been brought here the only issue before us is whether the superior court erred in applying the doctrine of laches. It expressly and unequivocally stated it was basing its decision solely on the ground of laches.

The defense of laches is peculiar to courts of equity and does not apply in actions at law. 30 C.J.S. Equity §113. It has been generally held that the doctrine of laches is applicable in proceedings which are traditionally equitable in nature or which follow the course of equity. It therefore becomes necessary to determine the nature of the instant proceeding. In discussing an appeal to the superior court from a decree of a probate court this court said in *Pavou* v. *Flora*, 64 R. I. 162 at page 166: " * * * a probate appeal is neither of the nature of an action at law nor of the nature of a cause in equity. It is purely a *statutory* creation, like all probate proceedings in this state."

The same problem concerning the nature of a probate appeal was discussed by the court in *Streeter* v. *Millman*, 68 R. I. 456, 459. In that case the court said: "We have held that a probate appeal, heard on its merits by a justice of the superior court sitting without a jury, is not a proceeding

following the course of equity within the meaning of another relevant statute; and that a decision duly made and entered after such hearing is reviewable by exceptions and not by appeal. *Pavou* v. *Flora*, 64 R. I. 162. It has also been held by this court that such a decision in a probate appeal was not within the control of the trial justice to reopen, review, or redecide, excepting possibly to amend the record to make it conform to the truth."

From the foregoing it is clear that the instant proceeding is neither a suit in equity nor a cause following the course of equity. In our opinion the doctrine of laches was not therefore applicable and the superior court consequently erred in dismissing the son's appeal on that ground.

We come now to the executors' bill of exceptions. After careful consideration we believe that in the interests of justice this case should be remitted to the superior court for a hearing on the merits. We do not feel that the instant record is sufficient for this court to pass on the issues raised by the executors in their bill of exceptions. Moreover the grounds urged by them can be considered after a hearing on the merits in the superior court.

The appellees' exceptions are overruled without prejudice, the appellant's exception is sustained, the decision of the superior court granting the appellees' motion to dismiss the appellant's claim of appeal is reversed, and the case is remitted to the superior court for further proceedings.

*Thomas H. Quinn, Frank Anzivino, Jr.*, for appellant.

*Sheffield and Harvey, J. Russell Haire*, for appellees J. Seymour Montgomery and Morgan Guaranty Trust Company of New York, Executors.

*Swan, Keeney & Jenckes, Frank H. Swan, Jr., W. Slater Allen, Jr.*, for appellee J. Seymour Montgomery, individually.