# Donner, Childs & Woods *v*. Sackett, Appellant.

*Contracts—Payment under mistake of fact—Recovery—Affidavit of defense—Insufficient averments.*

1. The cases where money paid may be recovered again in an action of indebitatus assumpsit, are, where there has been a mistake in the payer, and it would be against conscience in the receiver to retain it; and this is particularly true where it appears that the receiver will sustain no damage if he is compelled to repay the money.

2. The owner of certain shares of stock, through an agent requested a firm of brokers to sell the same. The brokers received a report from their correspondent that the stock had been sold and paid the proceeds of the supposed sale to the owner's agent and received the stock certificates. Subsequently the brokers learned that the report that the stock had been sold was an error and they thereupon returned the certificates and demanded a repayment of

the purchase-price therefor, which was refused. In an action by the brokers to recover the money so paid, where such facts appeared from the statement of claim and affidavit of defense, the court did not err in entering judgment for plaintiff, for want of a sufficient affidavit.

Argued Oct. 13, 1915. Appeal, No. 105, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1915, No. 222, for plaintiff for want of a sufficient affidavit of defense, in case of Percy E. Donner, Clinton L. Childs and Charles W. Woods, Co-Partners as Donner, Childs & Woods, v. Hugh R. Sackett. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit for money paid to defendant under a mistake of fact.

Rule for judgment for want of a sufficient affidavit of defense. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute plaintiffs' rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court.

*Gordon Fisher,* of *Dalzell, Fisher & Hawkins,* for appellant, cited: Rogers v. Huntingdon Bank, 12 S. & R. 77, at 79; Deichman, Admr. of Smull, v. Northampton Bk., 1 Rawle 53, at 60; Eagan v. Call, 34 Pa. 236; Armstrong v. Latimer, Meyers & Co., 165 Pa. 398; Morris v. Tarin, 1 Dall. 147; Natcher v. Natcher, 47 Pa. 496; Carson v. M'Farland, 2 Rawle 118; Gould v. McFall, 118 Pa. 455; Krumbhaar v. Yewdall, 153 Pa. 476.

*Wm. W. Smith,* of *Gordon & Smith,* for appellees, cited: Bogart v. Nevins, 6 S. & R. 361; Meredith v. Haines, 14 W. N. C. 364; Reed v. Horn, 143 Pa. 323; McKibben v. Doyle, 173 Pa. 579.

OPINION BY MR. CHIEF JUSTICE BROWN, January 3, 1916:

The judgment of which the appellant complains was entered, for want of a sufficient affidavit of defense, in an action brought to recover back money paid by the plaintiffs under a mistake of fact. The material averments in plaintiffs' statement of claim, "not directly and specifically traversed and denied" in the affidavit of defense, are to be taken as admitted under the rule of the court below providing for the entry of a judgment for want of a sufficient affidavit of defense. These averments, together with admissions in appellant's affidavit of defense, present the following situation: Hugh R. Sackett, the defendant below, was the owner of one hundred shares of the capital stock of the Pittsburgh-Westmoreland Coal Company, and on May 9, 1914, took the certificates for the same to the City of Pittsburgh, for the purpose of trying to borrow money on them. He asked George A. Wilson, of that city, who had been his long-time friend and customer, to assist him in negotiating the loan. Wilson took the stock certificates to two banks in which he was a director, but, as neither he nor the defendant was able to advise the banks as to their value, the latter was unable to obtain a loan. Wilson thereupon undertook to ascertain the value of the stock, and asked Speer Brothers, brokers, of the City of Pittsburgh, for a quotation. They replied by telephone that the stock was quoted at $60 per share. The defendant then told Wilson he would sell fifty shares at $55 per share, or better, and Wilson at once so notified Speer Brothers. They, on the same day, gave an order to the plaintiffs to sell fifty shares of the said stock at $60 per share, or better, and asked them to have the same sold on the Philadelphia stock exchange. The plaintiffs, on the same day, ordered Chandler Bros. & Company, bankers and brokers, of Philadelphia, to sell the said stock at the price mentioned. On the same day Chandler Bros. & Company notified the plaintiffs that

they had sold it in three lots for $3,011.25, and that the brokerage thereon would be $6.25. On May 11, 1914, two days after the receipt of this information, the plaintiffs paid to Speer Brothers $3,005.00, the supposed proceeds of the said sale, less $6.25, brokers' commission, and received certificates for fifty shares of Pittsburgh-Westmoreland Coal Company stock, left with Speer Brothers by the appellant. On the same day Speer Brothers paid the money to George A. Wilson, the admitted representative of the defendant in the transaction, and he, in turn, paid Wilson $75 in appreciation of the latter's services. On the same day, but after the money had been paid by them to Speer Brothers, the plaintiffs were informed by Chandler Bros. & Company that they had not sold the said shares of stock, but, through mistake, had sold a total of fifty shares of stock of a different corporation, viz: the Westmoreland Coal Company, and had erroneously reported to plaintiffs the sale of fifty shares of the Pittsburgh-Westmoreland Coal Company. The fifty shares of the Pittsburgh-Westmoreland Coal Company had not been sold. On being informed of this mistake, the plaintiffs, on the same day, communicated with Speer Brothers and requested the return of the money, but were informed by that firm that the amount had been paid over to George A. Wilson and by him, in turn, to the defendant. After returning the certificates of stock to the defendant and notifying him to repay them the money, and his refusal to do so, the plaintiffs brought this action to compel the repayment of it.

It is to be noted that nothing in plaintiffs' statement of claim, or in the affidavit of defense—in the light of which alone it is to be determined whether the judgment of the court below was properly entered—justifies the contention of counsel for appellant that the transaction was, in fact, a sale of the stock to the appellees. Their averment is that they received an order from Speer Brothers, admittedly the agents of the defendant, to sell

the stock, and he does not deny this either in his original or supplemental affidavit of defense. No consideration, is, therefore, to be given to the plea of his counsel, which he himself was apparently unwilling to make, that plaintiffs ought not to be allowed to recover the money because they paid it as the actual purchasers of the stock in a transaction in which no fraud was involved. Neither at the time the appellant ordered Speer Brothers to sell the stock for him, nor since, has it had any recognized or established market value on the stock exchange, but was of very little value—not worth more than a small fraction of $60 per share. This is an undenied averment of the appellees, and the appellant does not pretend that he lost a chance of making another sale of the stock, or that he will be damaged in any way by being compelled to return the money paid to his brokers under a mistake. True, he avers he used the money to pay some of his debts, but why he so avers we do not understand, for his duty was to pay his debts, whether he sold or kept the stock. It is not becoming that he asks to be relieved from paying back the money which he received by mistake for comparatively worthless stock, because he turned it over to a creditor.

The case as presented by the record is a payment of money by the plaintiffs under a manifest mistake of fact, and it is equally clear, so far as can be gathered from the record, that the defendant will sustain no damage if he is compelled to repay it to them. In all good conscience they are entitled to it; with no good conscience can he hold on to it, and the law requires him to return it. "The cases where money paid may be recovered again in an action of indebitatus assumpsit, are, where there has been a mistake in the payer; and it would be against conscience in the receiver to retain it": Bogart, et al., v. Nevins, et al., 6 S. & R. 361. In Meredith v. Haines, et al., 14 W. N. C. 364, Meredith, the plaintiff, had an account with Haines & Company, private bankers, and deposited with them for collection a note pay-

able at the National Bank of Chester County. Haines & Company discounted this note for him and placed the proceeds to his credit. Upon its maturity they presented it at the bank at which it was payable, and in settlement with that bank, received payment for it in cash. The bank discovered, however, on the same day, that the maker of the note had not sufficient funds to meet it, and promptly asked Haines & Company to refund the amount of the note, which they did. Meredith afterwards drew a check upon them for the amount of the note which they had placed to his credit, and, upon their refusal to pay his check, he brought suit against them. In affirming the judgment entered in their favor in the court below, this court held that the bank at which the note was payable having paid the note under a clear mistake of fact, was entitled to recover the money so paid, the rights of neither party having been prejudiced. In so holding the sole question was whether Haines & Company were legally liable to pay back the money to the National Bank of Chester County, and, in deciding that they were, it was said that money paid under a mistake of fact may be recovered back is authoritatively settled.

Judgment affirmed.