LEUTE *v.* BIRD.

1. PAYMENT—MISTAKE—EQUITY—BURDEN OF PROOF.
    Moneys paid by mistake may be recovered but not when the situation of the party receiving the money has changed and it would be inequitable to allow recovery, but if circumstances exist which take the case out of the general rule permitting the recovery, the burden of overcoming the natural presumption from such circumstances is upon the negligent payor.

2. SAME—SET-OFF—EXECUTORS AND ADMINISTRATORS—WEIGHT OF EVIDENCE.
    In assumpsit against makers of note, allowance of set-off, claimed by them to have resulted when administrator of their father's estate made an overpayment by mistake, *held*, against overwhelming weight of the testimony.

3. SAME—BILLS AND NOTES—COMPROMISE AND SETTLEMENT—PRESUMPTIONS.
    Makers of note who claimed administrator of their father's estate had mistakenly overpaid a sum to payees in settlement of property ownership dispute *held*, not to have sustained burden of overcoming presumption arising from circumstances taking case out of general rule allowing recovery for payment by mistake.

4. Appeal and Error—Remand—Action at Law—Set-Off of Money Decree.

> On remand of action at law on promissory note, arising out of property ownership dispute, for entry of judgment for full amount of note and interest, deduction is ordered of overpayments found due defendants in chancery case between same real parties in interest.

Appeal from Lenawee; Rathbun (George A.), J. Submitted June 3, 1936. (Docket No. 52, Calendar No. 38,871.) Decided September 2, 1936.

Assumpsit by William Leute, administrator of the estate of John Leute, deceased, and others against Major Bird, administrator of the estate of Gertrude Bird, deceased, and others for sums due on a promissory note. Set-off by defendants against plaintiffs. From judgment allowing set-off, plaintiffs appeal. Reversed and remanded for entry of judgment for full amount.

*Bourns & Helme,* for plaintiffs.

*Major Bird,* for defendants.

Butzel, J. In 1899, John E. Bird and John Leute, both now deceased, purchased business property in Clayton, Michigan, title being taken in Leute's name. Mr. Bird, who also was Leute's attorney, collected the rents, paid some of the expenses, and managed the property. At least at times each party paid his one-half share of interest and other expenses direct to those entitled to such payments. Mr. Bird, also gave notes to Leute from time to time. $700 of these notes were unpaid and outlawed at the time of Mr. Bird's death in 1928. Three claims were asserted against the Bird estate, one for the notes, another for $900, which Leute claimed was due him and appeared

in an account book kept by Mr. Bird in relation to the property; a third claim arose out of the purchase of the property. Leute's mother had loaned $2,000 on a mortgage on the Clayton property. It is not clear whether Leute had paid the mortgage and looked to Mr. Bird for his one-half, or whether an unpaid part of the mortgage at the time belonged to the heirs of Mrs. Leute, she having died. The Bird family acknowledged their obligation as owner of one-half of the property. A deed conveying a one-half interest to them was executed and Catherine Bird, widow, Everett G., Gertrude and Major Bird on January 21, 1929, gave their note for $1,000 to John, August, Carl, William and Pauline Leute "heirs of the estate of Christiana Leute," payable one year after date with interest at 6 per cent. per annum, and secured by a mortgage on the Clayton property. At about the same time, Major Bird, as administrator of his father's estate, gave a check for $1,600 in payment of the $700 of notes, the interest being waived, and the $900 book account due John Leute. On October 3, 1931, Major Bird paid $60 interest on the $1,000 note. No objection whatever was made to the correctness of the note until shortly before March 27, 1934, when suit was brought to recover the amount due thereon. John Leute, August Leute and Gertrude Bird had died in the interim, and their respective administrators were made parties to the suit. The defendants, as plaintiffs thereupon instituted a chancery suit, asking that the suit at law be enjoined, the note cancelled, and the deed to them for a half interest in the property, be set aside. They claimed that papers, discovered after the settlement, showed that Mr. Bird never purchased the one-half interest. The suit went to decree, the opinion of the trial judge being introduced as an exhibit in the instant suit at law. While he completely

exonerates the Bird family from any wrongful intent, and comments on their sense of honor in paying outlawed notes, he does find that at the time of the settlement in 1928, the Clayton property was assessed at $6,200, but that prior to the bringing of the suit, it was reduced to $1,600. The findings in the opinion show beyond any doubt that Mr. Bird purchased a half interest in the property in 1928. While the correctness of the $900 payment was not an issue in the chancery case, the judge commented upon the fact that Major Bird by payment of the interest subsequent to his discovering some of the things that put him on inquiry as to the correctness of the transaction admitted the correctness of the note; that the court was impressed with the belief that such payment, after knowledge, waived the mistake and ratified or reaffirmed the note and settlement out of which the note arose. After the rendition of the decree from which there was no appeal, defendants on leave filed an amended answer and notice of set-off. They claimed for the first time, over 6 years after the payment of $900 was made, that this sum was realized from the operation of the property; that as the court had decreed the property belonged to Bird and Leute, they also owned the $900, and therefore Major Bird, as administrator, had made an overpayment of one-half of this amount, and defendants were entitled to a set-off of $450, plus interest from date of payment, against the amount due from them; that while the parties were not the same, they were the real parties in interest. Major Bird testified that shortly after the settlement, he destroyed the book of account and the vouchers, but that it only later dawned upon him that he paid twice the amount due; that the mistake was due to his inexperience, though he was an attorney and assistant prosecuting attorney at the time;

that the question of set-off was not adjudicated in the chancery case, wherein it was solely claimed that Mr. Bird never purchased a one-half interest in the property and the note, therefore, was given without full consideration. Plaintiffs, on the other hand, claim *res judicata* because of the chancery case, that the claim cannot be set off because of diversity of parties, that defendants have by their conduct and negligence changed the situation of the parties, that the testimony of Major Bird as to the mistake was not admissible because equally within the knowledge of John Leute and August Leute, both deceased; * that the allowance of the set-off was against the great weight of the evidence, defendants not having sustained the burden imposed upon them. The trial judge allowed the set-off.

It is true that moneys paid by mistake may be recovered but not when the situation of the party receiving the money has changed and it would be inequitable to allow a recovery. The person making the payment in that case must suffer the loss occasioned by his own negligence. If circumstances exist which take the case out of the general rule permitting the recovery, the burden of overcoming the natural presumption from such circumstances and the burden of proving the set-off is upon the defendant. See *Walker* v. *Conant*, 65 Mich. 194. Defendants did not sustain this burden. The allowance of the set-off was against the overwhelming weight of the testimony. Major Bird, when he made the payment, had the account book before him. It was made after the parties agreed that his father and Leute bought the property together. The Leutes were not represented by counsel. Major Bird was a lawyer and assistant prose-

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.

cuting attorney. He destroyed the account book very shortly after he made the payment. He testified:

"That book showed a balance of $900 plus. That was more than $900. I don't recall the exact amount. I placed in the pleadings $900."

We are unable to determine the amount, but with the books destroyed and the admission that it showed a larger amount, it would be improper to allow defendants their claim, when by their own admission they underpaid Leute. The court will not find an amount by conjecture. After destroying the book, Major Bird paid interest on the note, and for over six years never made the claim of overpayment. John Leute, the only one who could testify as to what was actually done, is dead.

There are many other serious questions in the case, but as they have not been briefed with any citations whatsoever, we base our opinion on what appears so obvious. Defendants failed to sustain the burden imposed upon them, and the allowance of the set-off was against the great weight of the testimony. The case will be remanded for entry of judgment for the full amount of the note and interest less, however, the sum found due in the chancery case for overpayments subsequently made by Major Bird, while he had charge of the property. Plaintiffs will recover costs.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.