LAKE GOGEBIC LUMBER COMPANY *v.* BURNS.

1. EQUITY—MONEY PAID—MUTUAL MISTAKE OF FACT.

   Generally, money paid by reason of a mutual mistake of fact may be recovered in equity, even where there is negligence on the part of the payor.

2. SAME—MUTUAL MISTAKE OF FACT—CHANGE OF POSITION.

   Recovery of money, paid by reason of a mutual mistake of fact, may not be had from a payee who has so changed his position upon its receipt that it would be inequitable to force him to make restitution.

3. SAME—INSOLVENT ESTATE OF DECEDENT—MONEY PAID—MISTAKE —THIRD PERSONS.

   Recovery of payments of money under a logging contract is denied, where payee, the executor of an insolvent estate of a decedent, had conducted logging operations and incurred obligations to innocent third persons which would not have been done had such payments not been forthcoming before it was discovered that land had on it only about 15% of the amount of log timber which decedent had mistakenly represented that it had and which plaintiff had relied on to its disadvantage.

4. SAME—MUTUAL MISTAKE OF FACT—RESTITUTION—THIRD PERSONS —STATUS QUO.

   Relief by way of restitution of a benefit conferred by mutual mistake of fact will not be given when it will prejudice the rights of innocent third persons, or unless the parties can be placed in *statu quo*.

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity § 59.
[2–4] 19 Am Jur, Equity § 60.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted June 13, 1951. (Docket No. 11, Calendar No. 45,060.) Decided October 1, 1951.

Bill by Lake Gogebic Lumber Company, a Michigan corporation, against William L. Burns, individually and as executor of the estate of Harold Roberts, deceased, for money decree. Bessemer Auto Company and Earl Koskela, intervened as parties defendant. Decree for defendant. Plaintiff appeals. Affirmed.

*Ivan D. Wright,* for plaintiff.

*B. E. Larson,* for intervenors.

NORTH, J. By its suit in equity against William L. Burns, individually, and as executor of the estate of Harold Roberts, deceased, plaintiff sought injunctive relief and a decree for payment to it of a sum of money which it alleged by mutual mistake of fact it had paid to the Roberts estate. Two of the creditors of the estate intervened as defendants. For reasons hereinafter noted, the circuit judge denied the relief sought and dismissed the bill of complaint. Plaintiff has appealed.

On September 23, 1946, the plaintiff, Lake Gogebic Lumber Company, then composed of Harold Roberts, Charles R. Crowe and G. H. Barker, entered into an option contract with said Harold Roberts and his wife, Alta Roberts, whereunder the plaintiff was given an option for the purchase of the timber and other forest products on certain described lands in Ontonagon and Gogebic counties, Michigan. The consideration stated in the option was $51,000, $6,000 of which was then paid, the balance of $45,000 to be payable in 3 annual instalments of $15,000 each. On, or shortly before, April 1, 1947, Roberts left the

company and a William Kelly took his place. On March 31, 1947, Roberts entered into a "logging contract" with the plaintiff under which Roberts was to cut and remove the timber from all lands owned by the plaintiff in Ontonagon and Gogebic counties and from such lands acquired by it during the life of the contract. The following day, April 1, 1947, Roberts and his wife executed a "conveyance of timber rights and forest products" covering the lands described in the option. This conveyance warranted "that the quantity of timber on all of said descriptions, exclusive of other forest products, is not less than 10,000,000 feet, log scale." In a "payment agreement" attached to this conveyance, the obligations between the plaintiff and Roberts resulting from numerous transactions were reduced to a single item of $30,960.13 owing from plaintiff to Roberts, which debt was to be paid in semimonthly instalments, each instalment to be a sum figured on the basis of $3 per 1,000 log feet taken by plaintiff under the timber rights conveyance, with interest at 3% per annum on the unpaid balance.

Roberts died on August 3, 1947. Defendant William L. Burns was appointed special administrator and later executor of the Roberts estate. As special administrator or executor, at the request of plaintiff and under authority of the probate court, Burns carried on with the logging contract until late in the fall of 1947, about November 1st. Burns accepted 3 checks from plaintiff under the payment agreement for the timber rights. The first 2 of these checks, dated August 7, 1947, totalled $697.63. The remaining check, dated November 13, 1947, was for $2,080.77. These checks, totalling $2,778.40, were for money paid by plaintiff to defendant over and above the contract price for services in performing the logging contract. It is this sum that plaintiff seeks

to recover, claiming it was paid under a mutual mistake of fact about to be noted.

In connection with the settlement of the estate of Harold Roberts, a competent timber cruiser was employed by these litigants. He estimated that the timber on the lands in question only amounted to approximately 1,500,000 log feet rather than 10,-000,000, as was warranted in the Roberts' deed to plaintiff. The timber cruiser's determination came as a surprise to both plaintiff and defendant-executor Burns. The 2 intervening defendants, Earl Koskela and Bessemer Auto Company, who, after the death of Roberts, became creditors of his estate in connection with having furnished the administrator and executor with materials used in carrying on the logging contract, contend: (1) That the payments which plaintiff seeks to recover were not made under a mistake of fact; and (2) That in any event, plaintiff should not be permitted to recover the payments made to defendant Burns because he, in reliance on the payments, changed his position. It was on this latter ground that the trial court denied recovery.

The claims of the 2 intervening defendants total in excess of $600; and in their petition for intervention it is alleged that the probate court allowed these claims as expenses of administration, evidently on the theory that this credit extended to the special administrator or executor by the intervening defendants was necessary for carrying out the logging contract. However the voluminous probate file received in evidence indicates that the probate court had not passed upon the claims against the estate at the time this case was pending in the circuit court. There are insufficient funds in the estate to pay in full plaintiff's claim and the obligations incurred by the estate with various creditors, which obliga-

tions are asserted to have been incurred pursuant to carrying on the logging contract.

As above noted, the mistake of fact herein involved was that, notwithstanding a cruise of the property disclosed only 1,500,000 feet log measure of timber instead of 10,000,000 feet, Mr. and Mrs. Roberts in good faith had made the warranty of 10,000,000 feet, and this warranty was accepted and believed by both plaintiff and Burns. As correctly stated in appellant's brief:

"At the time Mr. Burns undertook to perform the logging contract and when he abandoned it, he was not aware of the almost total breach of the warranty of quantity (10,000,000 feet of timber, log scale) contained in the conveyance of April 1, 1947. Neither was anyone else."

The record is convincing that the money which plaintiff seeks to recover was paid by it under a mutual mistake as to a material fact affecting the rights of plaintiff and the Roberts estate. But the question remains as to whether, for the reason found by the circuit judge, recovery by plaintiff should be denied. It is the general rule that money paid by a mutual mistake of fact may be recovered. *Couper* v. *Metropolitan Life Ins. Co.*, 250 Mich 540. But this rule is subject to the exception that when the party receiving the money has in consequence thereof so changed his position upon its receipt that it would be inequitable to force him to make restitution, recovery cannot be had.

"It is true that moneys paid by mistake may be recovered but not when the situation of the party receiving the money has changed and it would be inequitable to allow a recovery." *Leute* v. *Bird,* 277 Mich 27.

"The rule is general that money paid under a mistake of material facts may be recovered back, al-

though there was negligence on the part of the person making the payment; but this rule is subject to the qualification that the payment cannot be recalled when the situation of the party receiving the money has been changed in consequence of the payment, and it would be inequitable to allow a recovery." *Walker* v. *Conant,* 65 Mich 194.

"Money voluntarily paid in the reasonable belief that it is due, and after investigation or the opportunity therefor, and without fraud on the part of the recipient, cannot be recovered back as paid under a misapprehension." *Wheeler* v. *Hatheway* (syllabus), 58 Mich 77.

"The rule that money paid under a mistake of fact may be recovered back does not apply where the payment has caused such a change in the position of the other party that it would be unjust to require him to refund. Thus, * * * as a general rule, in cases where the plaintiff and the defendant are equally to blame for the mistake under which the money was paid, or equally innocent in respect thereto, an alteration of position on the part of the payee is held to prevent liability in an action for recovery." 40 Am Jur, Payment, § 201, p 852.

Our review of the record brings the conclusion that defendant Burns, as the representative of the Roberts estate, did change his position in performing under the logging contract by assuming liabilities and obligations which would not otherwise have been assumed. Appellee's contention is stated in his brief as follows:

"The only issue is whether Mr. Burns' position as special administrator has been changed and as to this the proof is uncontradicted. * * * Mr. Burns knew that if he got out the said number of logs, that he would be paid in addition to the logging cost of $8 per thousand another sum of $3 per thousand and that settlement would be made on this at regular

intervals. In conducting his operation he relied on these payments and in relying upon them he changed his position, because he incurred obligations which would not have been incurred had he not known that these payments would be forthcoming. * * * Defendant did, as personal representative, change his position by losing money on the logging contract which he performed at the request of plaintiff; by incurring new obligations to carry on the contract; by getting innocent persons mixed up in this transaction who were not in it before."

As bearing upon the above phase of this case, appellee's uncontradicted testimony in part reads:

"I received 3 payments on the payment agreement. And with the honest belief that money was coming to me as representative of the estate. And if I had known as a fact that there was only a 1,500,000 to 1,750,000 feet of logs, where Roberts had warranted 10,000,000 feet, I would not want to have been a party to it. This money was received—I took this money believing that the warranty Mr. Roberts had made, from what I knew of him, was reasonably accurate—I never had reason to believe otherwise. * * *

"*Q.* You say, Mr. Burns, if you had any idea this warranty would turn out to be only 1,500,000 feet to 1,750,000 feet, whereas 10,000,000 feet were supposed to be there, you would not have received the money?

"*A.* I would not have been administrator."

Even if recovery were not precluded because of defendant Burns' change of position, it is a rule of equity jurisprudence that relief will not be granted when the rights of innocent third persons would be adversely affected thereby. In discussing equitable relief for a mistake of fact, it is said in 30 CJS, Equity, § 47, p 375:

"Relief will not be given   *   *   *   when it will prejudice the rights of innocent third persons, or unless the parties can be placed in *statu quo*."

The same thought is expressed in Restatement of the Law of Restitution, § 62, p 241, as follows:

"A person otherwise entitled to restitution of a benefit conferred by mistake is disentitled thereto if restitution would seriously impair the protection intended to be afforded by common law or by statute to persons in the position of the transferee or of the beneficiary, or to other persons."

In the light of the facts of the instant case and the law applicable thereto, we conclude that the circuit judge correctly decided the controversy presented. The decree entered in the circuit court is affirmed. Costs to intervening defendants.

Reid, C. J., and Boyles, Butzel, Carr, and Bushnell, JJ., concurred with North, J.

Dethmers, J. I concur in the result for the second reason advanced.

Sharpe, J., concurred with Dethmers, J.