276 A.2d 277.

FRANK J. SCULLIAN, JR. vs. ANTHONY PETRUCCI.

APRIL 14, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought to recover on a promissory note executed by the defendant on July 9, 1954, for a balance of $2,150 due on a conditional sales contract. The case was tried to a justice of the Superior Court sitting without a jury, who found for the defendant on the ground that the action had not been brought within the period established by the statute of limitations. From that decision the plaintiff has prosecuted a bill of exceptions to this court.

The note was attached to and executed as part of a conditional sales contract which contains a self-executing acceleration clause which reads, in pertinent part, as follows: "7. In the event Purchaser defaults on any payment or fails to comply with any condition of this contract * * * the full amount shall be immediately due and

payable * * *." In short, the acceleration clause in this contract makes no provision that its exercise shall be optional with the creditor.

As above noted, the date of execution of the note was July 9, 1954. The trial court found that the last payment on the account was made on or about December 1, 1954, and that the first default in a payment on the note occurred on January 2, 1955. It is further to be noted that the court found that the last payment without acceleration would have been due on April 1, 1957. The defendant pleaded the statute of limitations, the date of the writ being December 12, 1962, almost eight years after the default in payment occurred but less than six years after the date on which the final payment was due, April 1, 1957.

At the time of the execution of this note, the statute in effect was G. L. 1938, chap. 510, sec. 3, which provided, in pertinent part, that among other actions an action in debt "* * * shall be commenced and sued within 6 years next after the cause of action shall accrue, and not after." The trial justice based his decision on his conclusion that, by reason of the acceleration clause contained in the conditional sales contract, the entire amount owing on the note became absolutely due on the first default, namely, January 2, 1955. He found further that at that time a right of action accrued to plaintiff to recover the whole amount and that the period of the statute of limitations commenced to run from that date.

The issue in this court, then, is whether the period within which the creditor could have brought an action as set out in the statute of limitations began to run at the time of the first default on January 2, 1955, or at the time the total amount was due under the contract on April 1, 1957. In this state we follow a widely accepted rule that the statutory period begins to run when a cause of action accrues

to the creditor. In *Walsh* v. *Morgan*, 60 R. I. 349, 357, 198 A. 555, 559, we said: "But it is elementary in the law relating to such statutes of limitations that the period provided does not begin to run until a cause of action exists on which an action can legally be brought." While this rule is generally accepted, the difficulty is, as demonstrated in this case, to determine when a cause of action accrued to the creditor.

The plaintiff contends that acceleration clauses operate solely for the benefit of the creditor, who may or may not enforce them as he elects. He argues that in this case the creditor waived the benefit of the acceleration clause and that, therefore, the statute of limitations did not begin to run until the total amount of the note was due and payable. Generally, the courts have held that where an acceleration clause provides that it is exercisable at the option of the creditor, it does not operate automatically to make the entire amount due and payable upon the default. These courts hold rather that there is an obligation on the creditor to exercise the option by some affirmative action.

A typical statement of this view is given in *Santini* v. *Fritkin,* 240 Md. 542, 544, 214 A.2d 578, 580. There the Maryland court said that when a promissory note contains a provision "* * * accelerating its maturity at the option of the holder upon the nonpayment of interest or principal or other default, the applicable rule of law is that the holder must take some affirmative action which indicates an election to take advantage of the acceleration provision and until such action has been taken the note does not become due and payable in advance of the time or times specified in the note." These courts hold that, where the creditor takes positive action indicating that he has elected to exercise the option, the full amount of the unpaid balance becomes due and payable immediately, and the statute of limitations begins to run from that time.

The provisions for acceleration in the instant contract, however, may be best described as becoming operative automatically upon the default in payment. Nothing in the contract or the note provides that such acceleration shall be at the option of the creditor. While this specific question is novel to this court, it has been considered in other jurisdictions and has been the occasion of a split of decisions.[1] In *Green* v. *Frick*, 25 S. D. 342, 347, 126 N. W. 579, 581, the Supreme Court of South Dakota stated: "But to hold that a contract is optional which by its express terms is plainly absolute is unwarranted by any known rule governing the construction of contracts." See also *Baader* v. *Walker*, Fla., 153 So.2d 51, and *Fischer* v. *Wood*, Tex. Civ. App., 119 S.W.2d 114. These cases hold, in effect, that the courts will not rewrite the provisions of the contract to prevent a harsh result against the debtor. This court has long held that where the language of a contract is clear and unambiguous, it will be enforced in accord with its clear and plain meaning. *Armfield* v. *Frank N. McClure, Inc.*, 77 R. I. 390, 75 A.2d 196. In light of this long-standing precedent, we feel that an automatic self-operative acceleration provision as enunciated in *Green* v. *Frick, supra,* is the better rule.

The language of the contract before us in express terms provides absolutely that upon a default in payment the full amount will become due and payable. Nothing in the agreement reserves an option to plaintiff in relation to the

---

[1] For a thoughtful examination of the split in jurisdictions, see *Sullivan* v. *Shannon*, 25 Cal.App.2d 422, 77 P.2d 498, where the California court analyzes the differing interpretations of automatic acceleration contract provisions as evidenced by the New York interpretation as opposed to the California interpretation. The New York courts apply a self-operative interpretation where the entire debt becomes due immediately upon default of a single installment, while the California courts require some action by the creditor before acceleration will occur despite the absence of such optional language within the contract.

acceleration clause, nor in light of the rule adopted above will such a reservation of an optional right with respect to that clause be implied therefrom.

In other words, the language of the contract between the parties here clearly discloses an intent on their part that upon a default in the payment the full amount would become due and payable. We are not willing, as the plaintiff would urge, to rewrite the contract between the plaintiff and the defendant to add a provision necessitating some optional affirmative action by the creditor before acceleration occurs. Upon the first default, in our opinion, a cause of action accrued to the plaintiff within the view of *Walsh* v. *Morgan, supra,* and the period of the statute of limitations began to run at that time. It is our conclusion, then, that the plaintiff's action to recover on the note was instituted after the period of the statute had run and is, by virtue of the statute, barred.

The plaintiff's exception is overruled.

*Aram K. Berberian,* for plaintiff.

*A. Anthony Susi,* for defendant.