370 A.2d 1277.

ANTHONY JONKLAAS *et al. vs.* NORMAN L. SILVERMAN.

MARCH 22, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action wherein the plaintiff, a partnership of ten individuals known as Estabrook & Co., a stockbrokerage firm, seeks restitution of certain monies paid to the defendant as a result of an alleged mistake during stock transactions between the parties. The matter was heard by a Superior Court justice, sitting without a

jury, who entered a judgment for the plaintiff in the amount of $11,705.51. In the defendant's counterclaim judgment was entered for the plaintiff. The defendant has seasonably appealed to this court.

In 1967, defendant maintained an account with plaintiff stockbrokerage firm (Estabrook) through whom he bought and sold stock. The defendant had standing in his name with Estabrook 1,000 shares of Saturn Industries stock which had been purchased in two lots, one of 300 shares, and one of 700 shares.

On April 6, 1967, on order of defendant, these 1,000 shares were transferred from plaintiff to Morris Cohon and Company, another brokerage firm in New York. The defendant admits that this transfer took place with his authorization and at his request. He further admits that Cohon sold or traded the 1,000 shares of Saturn Industries for other stock or cash, and therefore he received the full benefit of the 1,000 shares.

For some unexplained reason, plaintiff deleted only 300 shares from defendant's account and continued to carry 700 shares of Saturn Industries stock in its books in the name of defendant. The only explanation for the alleged error was to the effect that the number of transactions of the stockmarket in 1967 and 1968 was so tremendous that various stockbrokers including plaintiff could not keep up with the "paper crunch."

Estabrook mailed monthly statements to defendant from May 1967 through May 1968, showing that 700 shares of Saturn Industries stock were still being held by plaintiff in defendant's account. On May 31, 1968, plaintiff sent defendant his monthly statement which indicated that the 700 shares were sold on May 13, 1968, for $11,705.51, which amount was credited to defendant's account. While defendant testified that he did not recall this transaction, there was in the capital gains schedule of his 1967 and 1968 tax

returns evidence that he was aware that he had twice benefitted from the sale of 700 shares of Saturn Industries stock. He admitted that the report of the 1968 capital gain was a duplication of the 1967 capital gain. The defendant further testified that his account with plaintiff continued to be active until 1970 or 1971.

John Mitchell, a witness for plaintiff, testified that he discovered the overpayment to defendant of $11,705.51 in 1972, and notified defendant of the overpayment by letter dated February 15, 1973, which also contained a demand for the return of the overpayment. Payment by defendant was not made to plaintiff who commenced action to recover the amount paid defendant by filing a complaint in Superior Court on July 28, 1973.

The plaintiff's claim for restitution was based on an alleged mutual mistake of a material fact which resulted in the unjust enrichment of defendant. The trial justice found that each of the parties acted under a mutual mistake of a material fact and that under the circumstances each had an equal obligation and opportunity to discover the mistake. On these findings the trial justice found for plaintiff and entered a judgment for plaintiff in the amount of $11,705.51. A judgment was entered for plaintiff on defendant's counterclaim.

On appeal before us, defendant first argues that the trial justice erred when he found that the action was not barred by the statute of limitations. The defendant contends that the statute of limitations began to run on April 6, 1967, the date that plaintiff credited the 700 shares of Saturn Industries stock to defendant's account and not on May 13, 1968, when plaintiff sold the stock and credited defendant's account with the proceeds of the sale of $11,705.51. The defendant states that since the complaint was not filed until July 28, 1973, the action is barred by the six-

year statute of limitations. General Laws 1956 (1969 Re-enactment) §9-1-13.

In the execution of orders for the sale or purchase of securities, the ordinary relation of customers to broker is that of principal and agent. *Mandeville* v. *Pooler,* 60 R.I. 273, 198 A. 235 (1938); *Leand* v. *Clark, Childs & Co.,* 53 R.I. 479, 167 A. 122 (1933).

2 Restatement (Second) *Agency* §438, Comment c (1958) states that the agent's right of reimbursement arises when payment is made by the agent and not before, and that the statute of limitations runs in the principal's favor only from the time of payment by the agent. The period provided in a statute of limitations does not begin to run until a cause of action exists on which an action can legally be brought. *Scullian* v. *Petrucci,* 108 R.I. 406, 276 A.2d 277 (1971); *Walsh* v. *Morgan,* 60 R.I. 349, 198 A. 555 (1938).

Here, the claim is for restitution of an overpayment to defendant, and since payment was made by plaintiff to defendant on May 13, 1968, the date plaintiff completed the sale and credited defendant's account, the right of action accrued to plaintiff and the statute began to run on that date. *Scullian* v. *Petrucci, Walsh* v. *Morgan,* both *supra.* The complaint was filed within the six-year time limit allowed by the statute of limitations and the trial justice was correct in his determination that plaintiff's action was not barred by the statute of limitations.

The defendant in the alternative contends that the trial justice erred in rejecting the defense of laches. The defense of laches is peculiar to courts of equity and does not apply to actions at law. *d'Hauteville* v. *Montgomery,* 92 R.I. 453, 169 A.2d 916 (1961); 30A C.J.S. *Equity* §113 (1965). Suits in equity that are brought within the period of limitation set by the statute are diligently brought and the defense of laches is not open. *Knowles* v. *Knowles,* 33 R.I. 491, 82

A. 257 (1912); *see also* Restatement *Restitution* §148(2) (1937).

In a recent Massachusetts case the court stated that in an action to recover mistaken payments of money, the cause of action accrues on the receipt of payment without regard to when mistake is discovered whether the action is brought in equity or in law. Limitation statutes should apply equally to similar facts regardless of whether legal or equitable jurisdiction is involved. *City of New Bedford* v. *Lloyd Investment Assocs., Inc.,* 363 Mass. 112, 292 N.E.2d 688 (1973).

Here, the action is a civil action under the Superior Court Rules of Civil Procedure and was determined by the trial justice to be a proceeding in law wherein the statute of limitations was applicable, even though he recognized that certain equitable principles were being applied. In our opinion the doctrine of laches is not applicable and the trial justice was correct in his determination that the defense of laches did not apply to the facts of this case.

The defendant next argues that the relationship of a stockbroker to a client establishes a duty on the part of the stockbroker to discover his errors within a reasonable time or bear the financial loss for the delay. The defendant, relying on *Leand* v. *Clark, Childs & Co., supra,* asserts that a stockbroker is an agent for the person for whom he undertakes the purchase or sale of securities, and that it is that agent's duty to promptly communicate to his principal all facts affecting the principal's interest and that if the principal suffers a loss that the loss must be borne by the agent.

In *Hornblower* v. *James,* 155 A. 568 (1931), the court held that the stockbroker was not required to bear the entire loss caused by his mistake but that the client too must bear the loss in view of the client's inaction after knowledge of the mistake which caused a large part of the loss. In *Hornblower* the court found that there were

certain facts which indicated that the client should have known or could have discovered the stockbroker's mistake.

Here defendant authorized the transfer of the 1,000 shares of Saturn stock to Morris Cohon and Company and admitted that they were sold or traded and that he received the full benefit of the 1,000 shares. There was evidence that defendant received monthly statements from April 1967 through May 1968 indicating that plaintiff was still holding 700 shares of Saturn Industries stock for his account. From defendant's 1967 and 1968 tax returns there was evidence that defendant had knowledge of the transaction. The trial justice found that there was a mutual mistake of a material fact and that even though defendant had knowledge of the error he did nothing about it. He further found that defendant suffered no loss but in fact received the benefit of the proceeds from the sale of the stock.

The rule is clear that findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court unless clearly wrong. *Shoor-Elias Glass Co.* v. *Raymond Constr. Co.*, 114 R.I. 714, 339 A.2d 250 (1975); *Nugent ex rel. St. Dunstan's Day School* v. *St. Dunstan's College of Sacred Music*, 113 R.I. 666, 324 A.2d 654 (1974); *Palazzi* v. *State*, 113 R.I. 218, 319 A.2d 658 (1974).

On appeal it is the appellant's burden to show that the trial justice is clearly wrong. Here, defendant has not sustained the burden and we affirm the findings of the trial justice.

Finally, defendant contends that the trial justice misconceived the law when he ruled as irrelevant defendant's attempt to introduce evidence that a change of circumstances had resulted from plaintiff's error and from his delay in advising defendant of plaintiff's mistake in maintaining records of the stock account. He argues that he

698

had the right to introduce testimony showing prejudice and a change in circumstances as a result of the mistake thereby barring recovery by plaintiff. We find merit in defendant's argument.

It is a firmly established general rule that money paid to another under the influence of a mistake in fact may be recovered, *provided* the payment has not caused such a change in the position of the payee that it would be unjust to require a refund. 66 Am. Jur.2d *Restitution and Implied Contracts* §§119, 135 (1973). In order that there may be such a change of position as will defeat an action to recover the money paid by mistake, the change must be detrimental to the payee, material and irrevocable. 66 Am. Jur. 2d, *supra,* §136; 40 A.L.R.2d 997, 1001. *See* Restatement, *Restitution* §142 (1937).

In an action to recover money paid under a mistake of fact where the defense of a change in circumstances is interposed, the burden is upon the person, who has under a mistake of fact received money which was not due him, to prove that it will be inequitable to require restitution. *Hatton* v. *Howard Braiding Co.,* 47 R.I. 47, 129 A. 805 (1925); *Phetteplace* v. *Bucklin,* 18 R.I. 297, 27 A. 211 (1893).

The defendant attempted to introduce evidence tending to show a change in circumstances as a result of the plaintiff's mistake but such evidence was excluded by the trial justice as irrelevant. In his decision the trial justice stated that the law of restitution is clear that when the parties have been operating under a mutual mistake of a material fact which results in the unjust enrichment of one party, the party receiving the enrichment is under a legal obligation of making restitution. Clearly the trial justice overlooked the law which provides that where there is a change of circumstances that would make restitution unjust and inequitable the loss must be borne by the party making

the mistake. Here, the defendant was entitled to introduce evidence showing a change in circumstances as a result of the mistake and the action of the trial justice in excluding such evidence as irrelevant was a misconception of law and clearly error.

The appeal of the defendant is sustained, the judgment appealed from is vacated and the cause is remanded to the Superior Court for a new trial.

Mr. Justice Joslin, with whom Mr. Justice Kelleher joins, dissenting. I agree with the majority that money paid under the influence of a mistake of fact may not be recovered if the recipient has so changed his position by reason of the payment as to make it inequitable to require restitution. *Hatton* v. *Howard Braiding Co.,* 47 R.I. 47, 57, 59, 129 A. 805, 810 (1925); Restatement, *Restitution* §142(1) (1937). But what constitutes a requisite change of circumstances under that rule is often a very close question, and the answer will turn on the facts of the particular case. *See generally* Annot., 40 A.L.R.2d 997 (1955).

Neither the trial justice nor the majority heeds this principle. Instead, the trial justice excluded — and the majority says he should have admitted — all evidence bearing on the question of defendant's change of circumstances, regardless of whether that evidence, if established as a fact, was of a kind that would qualify as a defense to an action for the recovery of a mistaken payment. In my judgment, both are in error because in matters of this kind, as already observed, not every change of circumstances is available as a defense.

Thus, for example, the recipient will not be required to make restitution if by reason of the mistaken payment he has assumed liabilities and obligations that he would not otherwise have assumed, *see Lake Gogebic Lumber Co.* v. *Burns,* 331 Mich. 315, 320, 49 N.W.2d 310, 313 (1951), or

if he has turned over the money to a third party to whom he was under a legal or contractual obligation to pay all or part of the funds so received. Annot., *supra* at 1006; *see Hibbs* v. *First Nat'l Bank,* 133 Va. 94, 107-10, 112 S.E. 669, 674-75 (1922). It follows that evidence to establish those facts is admissible. On the other hand, restitution will be required if the recipient has used the money to cover living expenses or to pay preexisting debts. *Westamerica Sec., Inc.* v. *Cornelius,* 214 Kan. 301, 309, 520 P.2d 1262, 1270 (1974); *see Ohio Co.* v. *Rosemeier,* 61 Ohio Op. 2d 105, 107, 288 N.E.2d 326, 329 (Ct. App. 1972); *Donner, Childs & Woods* v. *Sackett,* 251 Pa. 524, 528, 97 A. 89, 90 (1916).[1] Consequently, the recipient is not entitled to introduce evidence to establish such use of the erroneous payment.

The difficulty in the present case is that the record is devoid of anything that assists in determining whether the excluded evidence concerned a change of position of a kind that would in good conscience and equity make it unjust to require a refund. That gap in the record exists because defendant's failure to make an adequate offer of proof makes it impossible for us to determine whether he was prejudiced by the exclusion of the proffered evidence. *See Manning* v. *Redevelopment Agency,* 103 R.I. 371, 378-79, 238 A.2d 378, 382 (1968). What was demanded of defendant in order to obtain a meaningful review was an offer of proof that was reasonably specific rather than general,

---

[1] In Restatement, *Restitution* §142, Comment b, Illustration 6 (1937), the transaction resulting in the overpayment is comparable to that in this case, but the recipient's change of circumstances is unavailable as a defense to an action for restitution. The illustration reads:

"A directs B to sell shares of stock for him. B does so and remits a larger amount than was received for the shares. A uses this for the payment of personal debts. This payment is not a change of circumstances which prevents B from having restitution even though A otherwise would not have paid the debts."

that included a statement of the facts to which the witness would have testified and that indicated both the purpose of the proof offered and its admissibility for that purpose. *Id.* at 379, 238 A.2d at 382-83.

I am not unmindful that defense counsel made two statements during the trial that have the appearance of offers of proof. Neither, however, met the *Manning* tests. In the first of those statements, counsel advised the trial justice that he was "trying to show evidence [that defendant] wasn't enriched" in order to rebut plaintiff's claim of unjust enrichment. But the mere fact that defendant had spent the money mistakenly paid to him is not, without more, a defense to an action for restitution. *Bridgeport Hydraulic Co.* v. *City of Bridgeport,* 103 Conn. 249, 264, 130 A. 164, 169 (1925); *Phetteplace* v. *Bucklin,* 18 R.I. 297, 300, 27 A. 211, 212-13 (1893). He might have used the money to cover living or business expenses, or to make gifts, but those circumstances would not relieve him of the obligation to make restitution. *Westamerica Sec., Inc.* v. *Cornelius, supra* at 309, 520 P.2d at 1270; Restatement, *Restitution* §142, Comment b, at 569-70 (1937). What was required was an offer of proof that stated *why* defendant was not enriched and that established that the alleged change of circumstances, if proved, would bring him within the rule that denies restitution of a mistaken payment. The statement that he was "trying to show evidence he wasn't enriched" cannot reasonably be said to serve those purposes.

Later in the trial, after the trial justice had sustained numerous objections to questions relating to whether there had been a change of circumstances, defense counsel stated:

"I'm trying to show that there are several circumstances which occurred in this time that made it impossible for him or very difficult for him to determine that there was a mistake in his account. He was experiencing financial trouble. He had a loss in the

family and there are other circumstances which I can present into evidence which would show that he was into so many other things at this time that it just didn't come into his — he wasn't aware of a mistake."

Once again the profert falls short. This time it appears to have been an attempt to justify or excuse defendant's failure to notice the error in plaintiff's statement of his account, rather than to show changed circumstances of the kind that bar restitution. Defendant's honesty and good faith in failing to discover the error is, however, completely irrelevant. *See Westing* v. *Marlatt,* 124 Colo. 355, 360, 238 P.2d 193, 195 (1951); *Grand Lodge, Ancient Order of United Workmen* v. *Towne,* 136 Minn. 72, 77-78, 161 N.W. 403, 405 (1917); *Smith* v. *Rubel,* 140 Ore. 422, 428-29, 13 P.2d 1078, 1080 (1932).

In short, the defendant's failure to make an offer of proof that provides a clear picture of the change of circumstances upon which he seeks to base his defense deprives this court of the information needed to determine whether the trial justice's error in excluding the proffered evidence was prejudicial. Absent a showing of prejudice, it is impossible to say that the error calls for reversal. *Walmac Co.* v. *Zurich Ins. Co.,* 114 R.I. 410, 415, 333 A.2d 686, 689 (1975). Accordingly, I would deny and dismiss the defendant's appeal and affirm the judgment for the plaintiff.

*Milton Stanzler,* for plaintiffs.

*Winograd, Shine & Zacks, Richard I. Abrams,* for defendant.