DECISION
Before the Court is defendant, Phil Pare Sons', motion seeking a dismissal of this case based on the equitable doctrine of laches. The relevant facts are as follows.
Plaintiff Bernard Carbone (hereinafter referred to as Carbone) does business as B. Carbone Sons, Inc. and is engaged in the commercial plumbing trade. Phil Pare is a licensed general contractor and the principal of defendant, Phil Pare Sons, Inc. (hereinafter referred to as Pare). During 1990 and 1991, Pare engaged Carbone as a subcontractor to provide plumbing services at various jobs on which Pare was a general contractor. A fee dispute arose between the parties some time in 1991 and Carbone retained an attorney, Americo Scungio, to pursue a claim against Pare. On April 22, 1992, the within complaint was filed against Pare alleging that Carbone provided plumbing services and goods to Pare, that Pare had failed to pay, and that Pare owed Carbone $13,579.95. Pare, through his attorney, Neal Haber, filed a timely answer which included a counterclaim in which Pare alleged $3,599.28 was the net balance owed to Carbone.
In the following months the attorneys for the parties engaged in negotiations in an attempt to settle the matter. Attorney Haber testified that during settlement negotiations the parties became aware of an additional sum due from plaintiff, Carbone, to defendant, Pare, and, as a result, a proposal was made to exchange mutual releases between the parties so as to settle the adverse claims. Haber further asserts that in July 1992 he spoke with Scungio who indicated he had spoken to his client (Carbone) and that Carbone agreed to dismiss this action and exchange mutual releases.
Carbone and Attorney Scungio deny that an agreement was ever reached. Also, it is apparent that some time in late 1992 or early in 1993 Carbone became dissatisfied with Attorney Scungio, and he contacted Attorney Marvin Hodosh.
In February 1993, Pare received a demand letter from Attorney Hodosh claiming that $9,305.95 was due Carbone. Hodosh communicated with Haber who indicated the case had been settled, and with Scungio who indicated that a complaint had been filed and he was handling the case. Hodosh then sent a letter to Carbone stating that he would not represent him in the matter, having come to the conclusion that ". . . there are too many problems and lawyers that were or are still involved." (Hodosh deposition Exhibit 2).
On October 17, 1994, Pare received another demand letter, this time from Milliken Michaels, a collection agency, which indicated that $13,579.95 (the amount in the within complaint) was owed. This prompted Haber to call the agency to indicate to it that the matter was resolved. Haber also spoke with his client, Pare, and again indicated the matter was settled. Milliken Michaels contacted Carbone and said they had spoken with Haber, who said the matter was resolved, and that they wouldn't go any further. (Transcript of evidentiary hearing on March 3, 1997 at pg. 17). A year later Carbone contacted yet another attorney, and on October 17, 1995 that attorney, Gerard DeCelles, filed a complaint in Providence County Superior Court (PC 95-5475) alleging that Pare owed $14,665 to Carbone. After learning the within action had been filed and essentially covered the same claim as in the Providence County action, DeCelles dismissed that action and entered his appearance in this case on March 22, 1996.
LACHES
The defense of laches is equitable in nature and involves both delay on the part of one party to a lawsuit and detrimental reliance on the status quo by another. In O'Reilly v. Town ofGlocester, 621 A.2d 697 (R.I. 1993) the Court noted "A court applying the defense of laches must use a two part test. First there must be negligence on the part of the plaintiff that leads to a delay in the prosecution of the case. Second, this delay must prejudice the defendant." Id. at 702.
The underlying principles of this doctrine were earlier discussed in Chase v. Chase, 37 A. 804, 20 R.I. 202 (1897) wherein the Court stated
 "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly within limits allowed by law; but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable and operates as an estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes, but when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief." Id. at 37 A. 805.
Pare urges that the defense of laches should apply here and this case should be dismissed. He argues that after filing suit Carbone "sat on his rights time and time again" knowing Pare believed the matter was settled. Pare asserts that, by his own admission, Carbone was told this twice by two different attorneys and yet Carbone allowed three and one half years to pass before directing Attorney DeCelles to pursue the matter in court. Pare further claims that Carbone himself admitted to not-being zealous in pursuing his claim. (Transcript at pg. 25). Pare also argues that he has been prejudiced by Carbone's delay in that he threw out his records, as a matter of course, after having been told three times by his attorney that the matter had been settled. As a result Pare now has no records of expenses and little or no proof of his setoffs and counterclaims.
Carbone objects to Pare's motion arguing first, that the doctrine of laches is not applicable in actions at law, and second, there is nothing in the record of this case to support its invocation. In support of his first argument Carbone citesJonklaas v. Silverman, 370 A.2d 1277, 117 R.I. 691 (1977) where the Court, in the context of an action for restitution by a broker for overpayment to a customer, held that the defense of laches is peculiar to courts of equity and does not apply to actions at law. The Court went on to note that "Here, the action is a civil action under the Superior Court Rules of Civil Procedure and was determined by the trial justice to be a proceeding in law wherein the statute of limitations was applicable, even though he recognized that certain equitable principles were being applied. In our opinion, the doctrine of laches is not applicable . . . ." Id. at 117 R.I. 696.
Carbone further notes that Pare admitted he destroyed his records in 1995 pursuant to his routine schedule of disposing of records after three years. Carbone questions the wisdom of such a schedule, noting that there is a ten year Statute of Limitations on contract cases, and arguing that he would have been well within his rights to sue Pare long after 1995.
First, with respect to the availability of the doctrine, careful research by plaintiff would have revealed that the defense is available in actions at law. In Knowles v. Knowles,82 A. 257, 33 R.I. 491, the rule was established that the defense of laches was "not open" in suits brought within the period of limitation fixed by statute. However, in Fitzgerald v. O'Connel, 386 A.2d 1387 (R.I. 1978), the Court specifically overruled Knowles, noting that "were we to apply the Knowles rule, the doctrine of laches could never be invoked: the defense would be unavailable if the statute had not run and unnecessary if it had." Id. at 1387.
Although the defense of laches is available in this case, this Court declines to apply it here, finding that there was neither negligent delay nor reasonable detrimental reliance. What is evident is that there was a great deal of confusion between the parties and their attorneys regarding the status of this case. Pare and his attorney were under the impression that the case had been settled, despite the fact that releases were never exchanged, nor was the case ever closed. Carbone added to the confusion by attempting to engage a number of different attorneys and collection agencies when he became dissatisfied with his first attorney's performance. There was no inaction by Carbone here. There were contradictory actions. Pare's continuous receipt of demand letters, despite his belief that the matter had been settled, should have alerted him to the fact that something was wrong. He should have requested his attorney get some type of written documentation of the parties alleged settlement. Pare asserts that he was told numerous times that the case had been settled, and in reliance on such he destroyed his records. The problem is that it was Pare's own attorney's statements on which it relied. Carbone steadfastly asserts that an agreement was never reached. The Court notes the mandate of Superior Court Rules of Practice R.P. 1.4 which requires agreement of parties or attorneys touching the business of the Court to be in writing.[1]
Based upon the findings, Pare's defense of laches is ordered stricken.
The Court will not address, at this time, the defense of accord and satisfaction, instead leaving that matter for the trial justice at the time of hearing on the merits.
Counsel for the prevailing party shall prepare an order consistent with this decision.
[1] For a recent case dealing with R.P. 1.4, (though not with the issue of laches), see Deleo v. General Accident InsuranceCompany, 693 A.2d 1029, 1030 (R.I. 1997).